ALLAND G. FAY *v.* ORION M. BARBER.

October Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed November 23, 1899.

*Truancy—Costs—V. S. 2019*—The costs of prosecutions and commitments for habitual truancy are payable from the state treasury under V. S. 2019.

*Fees of justices in criminal cases*—Under V. S. 5387 a justice is entitled in a criminal case to the special fees therein provided for warrant, record, subpoena, venire and each continuance, so far as such fees represent services necessarily performed by him, in addition to the general fee in the case provided by said section.

*Intoxicating liquor—Fees of justices*—A justice is entitled to no fee for complaint and search warrant in proceedings against intoxicating liquor if no liquor is found. That part of V. S. 5387 which provides a fee for "complaint and search warrant" is only a continuation of Acts of 1890, No. 50, sec. 2, and has no reference to complaints and warrants in proceedings against intoxicating liquor.

*Intoxicating liquor—Officer's fees*—An officer is not entitled to a fee for searching for intoxicating liquor on a warrant, or for the expense of assistance in making search, unless liquor is found. The warrant for the seizure of liquor is not served unless liquor is seized, and, independently of special enactments, the law does not allow a fee to an officer for attempting to make service of any process civil or criminal.

*Same—V. S. 5366*—V. S. 5366, allowing one dollar, and ten cents a mile for travel from the place of service to the place of return for making search

on a warrant certified by a state's attorney, refers to the warrant mentioned in V. S. 5371, and not to warrants for searching for intoxicating liquor.

*Same— V. S. 4547*—V. S. 4547, which allows one dollar to an officer for serving process for seizing intoxicating liquor, allows nothing for making search, or for the expense of assistance in searching.

*Commencement of prosecution*—Until there is an actual seizure of liquor on the warrant the prosecution is not commenced so as to entitle either magistrate or officer to any fees.

*Acts of 1896, No. 86*, imposed no new duties upon state's attorneys, grand jurors or justices.

PETITION FOR MANDAMUS brought to the Supreme Court at its October Term, 1899. Formal answer waived by the petitionee, and case submitted on a stipulation that the disallowances of fees under consideration were all made as matters of law and not otherwise, and that the petitionee should be considered as denying the relief asked for on the facts set forth in the bill.

The facts are stated in the opinion.

*Alland G. Fay*, petitioner, pro se.

*Barber & Darling* for the petitionee.

THOMPSON, J. The defendant is state auditor. The petitioner is a justice of the peace and acted as such in the cases hereinafter mentioned. He brings this proceeding to compel the petitionee as such auditor, to allow and draw an order on the treasurer of the State for certain costs alleged to have accrued in said cases. For the purposes of this trial, it is taken that the allegations of the petition are true, and that the fees constituting such costs were reasonable and correct, if authorized by law. In disposing of the questions presented by this case, the court does not in any way consider or pass upon the discretionary power of the state auditor to refuse to allow bills of costs which he believes to be unjust, unreasonable or fraudulent, although the same may have been taxed by a court.

The first bill of costs mentioned in the petition, accrued in the case of State v. Fred Darling, in which the respondent was

convicted of being an habitual truant and sentenced to be confined in the Vermont Industrial School for the term of four years. The costs in question in this case are $7.32, costs of prosecution, and $13.49, costs of commitment. The only punishment for habitual truancy is confinement in the Vermont Industrial School for not less than twenty-six weeks. V. S. 718. Justice and municipal courts are given concurrent jurisdiction with the County Courts in prosecutions for this offense. V. S. 721. Unless these costs are payable by the state, there is no provision by law for their payment from any treasury.

V. S. secs. 2016 and 2019 contain the general law relating to the payment of fines and costs. Section 2016 is as follows :

" Fines, forfeitures and penalties, imposed on a person for an offense, or for the breach of a penal law, with costs, unless the same are otherwise disposed of by law, shall, if the prosecution is commenced and tried before a justice, belong and be paid to the treasury of the town, or if the prosecution is upon complaint of a village police officer, to the treasurer of the village in which the offense is committed ; but if the prosecution is commenced and tried before the County or Supreme Court, the same shall belong and be paid to the treasury of the state, provided that in all cases appealed and entered in County Court, the fines and costs when imposed, shall be payable to the State, and the State shall pay the justice bill of costs."

Section 2019 is as follows :

" The costs of prosecution for the breach of a penal law or other offense shall be paid out of the treasury to which the penalty by law belongs ; but if the respondent is committed to the House of Correction they shall be paid out of the state treasury."

The words " for the breach of a penal law or other offense " in section 2019, clearly include habitual truancy. It is quite clear that the legislature did not intend to provide for prosecutions for this offense before a justice of the peace, but at the same time to provide that no costs should be paid in such prosecution from any treasury, unless the punishment imposed was a fine.

There is no construction of section 2019 which will impose the payment of these costs upon the City of Barre. It is apparent that the intention in enacting this section was to cast the burden of paying the costs of the prosecution upon the state, if the punishment imposed accrued to its benefit or use by reason of its having the custody of the respondent and such service as he might render, if the punishment was by confinement in any of its institutions maintained for the detention of offenders against the criminal laws. The word "*penalty*" as used in this section includes such punishment, as well as fines and forfeitures. Habitual truancy is a criminal offense, the only penalty for which, as we have seen, is confinement in the Vermont Industrial School. Under this section, as we construe it, the state must pay the costs of prosecution and commitment in prosecutions for this offense.

In the case of State v. Nicholas, the question presented is whether the justice is entitled to the following items of costs: thirty-four cents for the warrant, twenty-five cents for record, twenty-four cents for subpoena for four witnesses, and seventeen cents for a continuance of the cause. In the case of State v. Abbott, the question is whether the justice is entitled to twenty cents for the venire summoning a jury in said cause.

By Acts 1882, No. 103, sec. 3, it was enacted as follows:

"There shall be paid to justices in criminal cases in lieu of fees heretofore paid in cases disposed of without trial, one dollar and fifty cents; a trial by court two dollars; a trial by jury two dollars and fifty cents; for making and returning copy of record in cases where the respondent is bound up, one dollar; for taking and returning an inquest on the dead or on the burning of buildings, three dollars."

By this section it was expressly provided that the fees therein given should be in lieu of fees theretofore paid in such cases and such was the unquestioned law from 1882 to 1894.

Said section 3 was amended by Acts 1894, No. 153, sec. 1, so as to read as follows: "There shall be paid to justices in criminal causes, one dollar and fifty cents, if disposed of without trial;

if by trial, two dollars; if by trial by jury, two dollars and fifty cents; and if the trial (by court or jury) requires continuous attendance to the exclusion of other cases before the same court for more than one day, two dollars additional for each subsequent day of such actual attendance." This section as amended is now incorporated into V. S. 5387. The petitioner contends that the omission of the words, "in lieu of fees heretofore paid," in the section as amended and in V. S. 5387, shows that the legislature intended that the sums named in section 3 as amended should be received by the justice as compensation for his time spent in disposing of a criminal case by trial or otherwise, and in addition to services necessarily performed by him, represented by the items in question. The defendant contends that section 5387 is to be construed in respect to criminal causes as if the words "in lieu of fees heretofore paid," were retained in it. Acts 1894, No. 153, being an enactment independent of the revision of the laws made at the same session of the legislature, and now embodied in V. S., it cannot be said that these words were omitted by the revisers to condense the language of the statute, but under the apprehension that its meaning was not thereby changed. V. S. 5387 so far as it embodies Acts 1894, No. 153, sec 1, must be construed as a continuation thereof. V. S. 5460. Among other fees to justices enumerated in V. S. 5387 omitted from Acts 1882, No. 183, sec. 3 by the amendment thereof by Acts 1894, are the following: "If the respondent is bound up, one dollar for making and returning copy of record; for taking and returning inquests on the dead, or buildings burned three dollars for the first day and two dollars for each day thereafter actually spent in the hearing of the evidence." Acts 1898, No. 134. Among other fees enumerated in this section, relating solely to criminal causes are the following: "For each warrant for criminals, thirty-four cents;" "for each mittimus thirty-four cents." These provisions of this section are inoperative, if it is construed so as to limit the fees of justices in criminal causes to the fees mentioned in sec. 1, No. 153, Acts 1894. But it is to be construed so as to give effect to all its provisions,

if it can be done without putting a forced or unusual meaning upon its plain language. The construction for which the petitioner contends gives effect to this section as a whole, without doing violence to the natural and plain import of its words, and this construction must prevail. Hence the petitioner is entitled to said items of fees.

The next question arises in the case of State v. Pirolini, in which a complaint was exhibited and a warrant was issued for the search of certain premises for intoxicating liquor believed to be kept in violation of law. Search was made by the officers under the warrant, and no liquor was found and no seizure nor arrest was made under the warrant. The petitioner asks to be allowed for himself, $1.00 " for complaint and search warrant," and for the officer $4.10 made up of the following items : " search and seizure, $1.00 ; assistance, $3.00 ; one mile travel, ten cents." It is claimed among other things, that these fees should be allowed, because, as it is said, Acts 1896, No. 86, imposes new duties upon state's attorneys and grand jurors in respect to making complaints for the search for intoxicating liquor unlawfully kept, and upon justices in respect to issuing a warrant in such cases. This statute imposes no new duties upon any of the officials named. It is the duty of state's attorneys and grand jurors, without complaint being made to them, to investigate all criminal offenses which they have reason to believe have been committed, and to prosecute the same, if such belief is found to be well grounded, whether they relate to violations of the law respecting the traffic in intoxicating liquor or any other criminal law of the state. This statute was simply declaratory of the then existing duty of the public officials therein named, and consequently does not aid in the determination of the question under consideration.

Unless the petitioner is entitled to one dollar for the complaint and search warrant by virtue of V. S. 5387, which says justices shall be allowed one dollar for complaint and search warrant, he does not contend that there is any law entitling him to such allowance. An examination shows that this provision of

sec. 5387 is only a continuation of Acts 1890, No. 50, sec. 2, and relates solely to a complaint and search warrant issued under V. S. secs. 1954 and 1956 for the search of a dwelling house in the day time or the night time, for property stolen, embezzled, or obtained by false tokens, for counterfeit coin, and other things therein named, but none of which include intoxicating liquor kept in violation of law.    V. S. 1957 provides that the fees for warrant and search under V. S. secs. 1954, 1955 and 1956, shall be paid by the state when the state's attorney of the county or the town grand juror of the town in which such search is to be made, certifies in writing on the warrant that the search ought to be made.    It is clear that the petitioner is not entitled to be allowed this item of one dollar.

Another question arises : was there such a prosecution in the Pirolini case that either the justice or the officer were entitled to any fees ?    It has been the uniform construction of the law, and the practice, that in a civil case an officer is not entitled to any fees for serving civil process unless he attaches property or makes service upon the defendant, no matter how much time he may spend in attempting to make service by attachment or summons.    Nor has the law, independent of special enactments, been construed to allow an officer fees for serving a criminal warrant, unless he actually apprehends the respondent, no matter how much time the officer may have spent nor how much trouble and expense he may have incurred.    V. S. 5371 provides under what circumstances an officer may receive fees for his travel in an unsuccessful search for a respondent charged with a crime punishable by imprisonment in the state prison.    The enactment of this section shows that the legislature did not intend that fees should be paid to officers for an unsuccessful attempt on their part to serve a criminal warrant by arresting the respondent therein named, or by seizing the thing therein commanded to be seized.    V. S. secs. 4547 and 5366 are the only authority for the allowance of fees to officers.    Section 5366 allows one dollar, and ten cents a mile for travel from the place of service to the place

of return, for *making search* on a warrant certified by the state's attorney. This clearly refers to the warrant mentioned in V. S. secs. 5371 and 1957, and not to warrants for searching for intoxicating liquor. Section 4547 is as follows: " In addition to the fees now allowed by law, thirty-four cents shall be allowed to the justice for making a bond required by this chapter, thirty-four cents for an order for the forfeiture or destruction of liquor, fifty cents for attending such destruction; to an officer serving process for seizing intoxicating liquor, or seizing the same without process and apprehending the keeper, one dollar; for removing such liquor and keeping the same, his actual expenses; for destroying liquor under the order of court, and making his return of each order, one dollar; for posting the notices required if the owner or keeper is unknown, one dollar ; and to a prosecuting officer, in case of conviction before a justice, except when the complaint is for intoxication and the respondent pleads guilty, five dollars ; and the same shall be taxed and allowed in the bill of cost against the respondent." It will be observed that this section does not allow fees for making search, or the expenses for assistance to search, for intoxicating liquor, but only for serving the warrant for seizing it, or seizing the same without process and apprehending the keeper thereof, and for the officer's actual expenses for removing such liquor and keeping the same. A warrant for seizing liquor can only be served by actually seizing such liquor by the officer. Of course it cannot be removed and kept, until it has actually been seized on the warrant. This is all there is in sections 4547 and 5366, that can be said to bear on the question in issue. The law standing thus, it is clear that it was not intended that an officer should be allowed fees when neither liquor was found and seized, nor the keeper thereof apprehended on the warrant. Until there is an actual seizure of liquor on the warrant, the prosecution is not commenced so as to entitle either the justice issuing such warrant, or the officer attempting to serve it, to any fees. Therefore the petitioner cannot prevail as to any fees in the Pirolini case.

*It is ordered that a writ of mandamus issue commanding the petitionee as State Auditor to allow the items of costs in the case of State v. Fred Darling, in the case of State v. Lucas Nicholas and in the case of State v. Daniel Abbott as set forth in said petition and not allowed, and to draw an order therefor on the treasurer of the State for the payment of the same to the petitioner as justice of the peace.*

*It is further adjudged that neither the petitioner nor the petitionee recover costs.*