STATE *v.* WILLIAM, WRIGHT.

May Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 25, 1908.

*Criminal Law—Escape of Prisoner While Employed Without the Walls of Jail—Nature of Offence—Defence—Information—Sufficiency — Assistant Judges — Disqualification—Expression of Opinion.*

An information for an escape while serving a sentence of imprisonment in jail for being found intoxicated, and while employed without the walls of the jail, under P. S. 6104, need not allege that respondent was sentenced to hard labor; that not being a part of the penalty of the offence.

The fact that the assistant judges of the county court were members of the prison board by which a respondent, sentenced to imprisonment in jail for being found intoxicated, was required to labor without the jail walls, does not disqualify them to sit in the trial of respondent for an escape while so employed; such membership giving them no interest, within P. S. 1224 relating to judicial disqualifications.

To authorize the prison board to require a prisoner, serving a sentence in jail for being found intoxicated, to labor without the jail walls, the sentence need not have been to hard labor; the statute in this respect not being punitive, but only disciplinary and reformative.

In the prosecution of a prisoner for an escape while serving a sentence of imprisonment in jail for being found intoxicated, and while employed without the walls of the jail, it is no defence that he was sent out to work without a guard; for the statute is not mandatory in that respect, but discretionary.

The assistant judges of the county court were not disqualified to try an information for such an escape, on the ground that, as members of the prison board, they had formed and expressed an opinion on the merits of the case because the prisoner was dungeoned as a punishment for the escape, where it did not appear that they had anything to do with that punishment.

In a prosecution for such an escape it is no defence that the respondent left the jail under orders to work at a certain place, and that, being without a guard, he left that place; for the law had dominion over him as well after he so left the jail as before.

Nor is it any defence that respondent's desire for liberty constrained him to flee, for, however strong that desire, it was still his duty to submit himself to the restraints of the law.

INFORMATION for an escape. Washington County, March Term, 1908, *Hall,* J., presiding. First heard on demurrer to the information. Demurrer overruled and information adjudged sufficient. Respondent excepted. Exception ordered to lie, and respondent allowed to plead over. Plea, not guilty. Trial by court on an agreed statement signed by the State's Attorney and the respondent, who waived a trial by jury. The respondent moved for judgment of acquittal

on the agreed statement.   Motion overruled, and the respondent adjudged guilty.   The respondent excepted.

*T. R. Gordon* for the respondent.

The respondent was at large, without a guard or any other restraint.   His departure in those circumstances did not constitute an escape.   16 Cyc. 540, 541; *Mills* v. *State*, 41 Tex. Cr. 447; 29 Tex. App. 5; 40 S. W. Rep. 968.

*Benjamin Gates*, State's Attorney, for the State.

The imprisonment would have been illegal if the respondent had been sentenced to hard labor.   *In Re Kelley*, 87 Ala. 46. The sentence must conform strictly to the statute.   *In re Johnson*, 46 Fed. 417; 58 Vt. 136; 12 Cyc. 330.

The respondent was constructively in the custody of the jailor and as soon as he left that custody he committed the crime charged.   *Williams* v. *Hathaway*, Brayt. 75; *Jameson* v. *Isaac*, 12 Vt. 611.

The fact that the assistant judges were members of the prison board discloses no disqualifying interest.   *Ex parte James Harris*, 6 L. R. A. 713; *Meyer* v. *San Diego*, 41 L. R. A. 762; *Alger* v. *Curry*, 40 Vt. 437; *Batchelder* v. *Nourse*, 36 Vt. 645; *Pierce* v. *Butler*, 16 Vt. 101; *State* v. *Newfane*, 12 Vt. 422; *Waters* v. *Day*, 10 Vt. 487; *Graham* v. *Todd*, 9 Vt. 166; *State* v. *Batchelder*, 6 Vt. 479.

Rowell, C. J.   This is an information for an escape while serving a sentence of imprisonment in Washington County jail for being found intoxicated, and while employed without the walls of the jail under the statute in such case made and provided.   The second count is demurred to for that it does not allege that the prisoner was sentenced to hard labor, and for that the assistant judges of the trial court were members of the prison board by which he was required thus to work.

The first objection is untenable because the court imposing the sentence had no authority to make it at hard labor, that not being a part of the penalty for the offence.   The second objec-

tion is untenable because the fact that the assistant judges were members of the prison board did not disqualify them to sit in the case by reason of being interested in its event, for it gave them no interest in its event within the meaning of the statute concerning judicial disqualifications.   P. S. 1224.

The prisoner claims that the board had no right to require him to work without the walls, because he was not sentenced to hard labor.· But that was not necessary to the validity of the requirement, for the statute is not punitive in this respect, but disciplinary and reformative, as are the statutes requiring labor of convicts in the state prison and the house of correction, in each of which, prisoners are confined at hard labor, not because that is a part of their sentence, but because the statute requires it, and fixes the status of the prisoner in that respect independently of the sentence, and therefore it is not necessary to that end that the sentence should be at hard labor, though it is quite the practice to make it so.

The prisoner also claims that he could not lawfully be sent out without a guard.   But the statute is not mandatory in that respect, but discretionary.

The prisoner also claims that the assistant judges were disqualified because, as members of the board, they formed and expressed an opinion on the merits of the case inasmuch as he was dungeoned as a punishment for escape.   It is enough to say on this point that it does not appear that they had anything to do with that.

The prisoner also claims that as jail yards have no *liberties* for convicts, he escaped, if ever, when he left the jail, for after that he was out of custody and free from restraint, and at liberty to go whithersoever he would; that he did not escape when he left the jail, for he was sent out, and went to the place·to which he was sent; and that his departure from that place to New Hampshire was no escape, but only a breach of trust, as he was sent out without a guard and on his own responsibility.

But this claim is not sustainable, for the law had dominion over him after he left the jail as well as before, and he was to all legal intents in its custody and subject to its control, and when he departed from that custody and control he com-

mitted an escape, for he had not been discharged therefrom according to law. It is no answer for him to urge, as he does, that his desire for liberty constrained him to flee, for however strong that desire, it was still his duty to submit himself to the restraints of the law.

*Judgment that there is no error in the proceedings of the county court, and that the prisoner take nothing by his exceptions. Let a mittimus issue and execution thereof be done.*