IN RE PIERCE.

Special Term at Montpelier, March, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed September 3, 1931.

*Edward J. Hall* for appellant.

*Norton Barber,* State's attorney, for the State.

POWERS, C. J. The appellant was convicted on a criminal charge in the municipal court of Bennington, and the conviction was affirmed at the last term of this Court. *State* v. *Pierce,* 103 Vt. 383, 154 Atl. 675. He now appeals from a taxation of costs made by our clerk at Bennington. The disputed items in the taxation are six in number, aggregating $18. Five of these are for "term fee and travel," allowed at $3 per term; the other is for "attorney fee" at the May Term, also allowed at $3.

Subject to the qualification pointed out by Mr. Justice Taylor in *Comstock's Admr.* v. *Jacob,* 89 Vt. 510, 96 Atl. 4,

which does not affect the question here presented, costs are taxable only by force of the statutes. *In re Jacobs*, 87 Vt. 454, 89 Atl. 634. It is so in criminal cases. 15 C. J. 317; *State* v. *Guyer*, 91 Vt. 290, 295, 100 Atl. 113; *United States* v. *Gaines* (U. S.), 25 L. ed. 733.

■ The only statutory provisions regarding the taxation of term fees, travel fees, or attorney fees, are found in G. L. 7435. But this section obviously refers to civil cases only. It specifies the items that are to be taxed in favor of the "recovering party." It cannot be that the Legislature intended by the use of this term to include the State in criminal cases. In such cases, the State does not "recover." If successful, it *prevails*.

*The items specified are, therefore, unwarranted and are expunged from the taxation.*