STATE *vs.* STEPHEN J. McINERNEY, alias.

MARCH 24, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

204

 

HAHN, J. This is an indictment charging that the defen-
ant, in violation of G. L. 1923, Chap. 394, Sec. 13 as amended
by P. L. 1931, Chap. 1791 "wilfully, unlawfully and
feloniously from and out of the custody of the jailer and
keeper of the Providence County Jail . . . ˙against the
will and without the license of said jailer and keeper did
escape and go at large." After a verdict of guilty, the case
is before us on defendant's exceptions to the denial of his
motion for a new trial, to portions of the charge to the jury
and to the refusal to charge as requested.

The facts are as follows: About 4 o'clock a. m. on August 7,
1932, defendant and eleven other prisoners of the Providence
County Jail were conducted from the jail building to the
prison lot for the purpose of driving a herd of cows into
the institution barn, milking and feeding them and doing
other work under supervision of a guard who walked about
among the men and occasionally assisted them. ˙At 6:15 a. m.
the guard directed them in driving the herd back to pasture,
after which he discovered that defendant was missing.

The only disputed fact is as to the time the escape took
place. The guard testified that he last saw defendant˙at
6:15. Defendant testified that he "walked away" at 5:15.
His counsel contends that the guard did not discover the
escape for an hour after it was effected, and that he had
thereby abandoned his custody. This is one of the grounds
relied upon by defendant in his exception to the denial of
his motion for a new trial.

This contention is without merit. The time of escape is immaterial. · Failure of the guard to notice the escape for five minutes or a longer period would not constitute an abandonment of his custody, for custody of a prisoner is not abandoned until his sentence is completed or he is pardoned and receives his discharge therefrom. G. L. 1923, Chap. 373, Sec. 6 provides that the keeper of the jail in the county of Providence "shall receive into his custody and safely keep in said jail every person who shall be committed thereto until he shall be legally discharged therefrom." Furthermore, it is well settled that whatever may be the conduct of the jailer, the prisoner cannot shield himself therewith from the charge of escaping custody if he leaves the place of his confinement. *Riley* v. *State,* 16 Conn. 47; *State* v. *Wright,* 81 Vt. 281; *Saylor* v. *Comm.,* 93 S. W. (Ky.) 48; *Jenks* v. *State,* 39 S. W. (Ark.) 361.

As a further ground of exception to the denial of said motion defendant contends that as his escape was not from the jail building, it is not covered by the language in the statute and indictment—"while . . . undergoing sentence in any county jail."

By virtue of said chapter 373, section 6, the prisoner is committed to the custody of the warden who, by sections 4 and 5, is empowered to appoint assistants to exercise his authority. By G. L. 1923, Chap. 411, Sec. 14, he is further empowered to let or keep "at labor therein or on the prison lot or in some building thereon · . . . all persons imprisoned in the jail . . . ." To hold that the warden's authorized act of placing the prisoner at labor outside the jail building interrupts the prisoner's sentence and places him beyond the jurisdiction of the prison authorities would frustrate the purpose of these statutes. Wherever a prisoner is assigned to work, he is, until discharged, still in custody, and if he leaves such custody he becomes guilty of escaping. In 9 Cyc. pp. 876, 877, it is said: "A person convicted of felony and sentenced to confinement . . .

is in contemplation of law in prison until he serves his term or is pardoned, although he may have been hired out to work for a contractor for convict labor." In *Saylor* v. *Comm.*, *supra*, it was held: "The appellants, though not in jail, were in the custody of the jailer, and when they escaped from the guard . . . they escaped from jail. The jailer is authorized by the statute to work the prisoners on the highway, and while there they are as fully in his custody as when actually in jail. To escape from the custody of the jailer is to escape from jail within the meaning of the statute." Defendant, in escaping from the institution barn or pasture, did escape from the Providence County Jail. His exception to the denial of his motion for a new trial on these grounds is overruled.

Defendant excepted to portions of the charge wherein the court defined the terms "custody" and "escape." The court ruled that "custody is the detention or the restraint of a person against his will." Defendant contends that custody requires physical force. His contention cannot be sustained. The definition by the trial court was correct. Cyc. See Words & Phrases (2nd ser.) Vol. I, p. 1185; 21 Cyc. 1742; 17 C. J. p. 441. Defendant takes nothing by his exception to the court's definition of "escape." The exceptions to these portions of the charge are overruled.

Defendant's remaining exception is to the refusal to instruct the jury to return a verdict of not guilty because custody had been abandoned and the custody alleged in the indictment was non-existent. This contention has already been found to be without merit and the exception is overruled.

All defendant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*John P. Hartigan, Attorney General, John H. Nolan, Michael De Ciantis, Asst. Attys. General*, for State.

*Joseph C. Cawley, John O. Pastore*, for defendant.