# State of Vermont v. Lyle W. Webb

[559 A.2d 658]

No. 87-149

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed February 17, 1989

*William T. Keefe, Addison County Deputy State's Attorney,* Middlebury, for Plaintiff-Appellee.

*John F. Evers* of *Langrock Sperry Parker & Wool,* Middlebury, for Defendant-Appellant.

**Keyser, J.** (Ret.), Specially Assigned. Defendant was convicted of driving while under the influence and, as a condition of probation, was ordered to pay restitution to the owners of a vehicle and a residence damaged by his conduct. Included in the order of restitution was a requirement that defendant pay $1,680 to the Co-operative Fire Association of Vermont, which had insured the residence. Defendant appeals this portion of the order. We agree with defendant's position and vacate the part of the order appealed from.

At issue are two statutes which authorize the payment of restitution as a condition of probation. 28 V.S.A. § 252(b) provides in part:

> When imposing a sentence of probation, the court may, as a condition of probation, require that the offender:
>
> . . . .
>
> (6) Make restitution or reparation to the victim of his conduct for the damage or injury which was sustained.

13 V.S.A. § 7043 provides:

(a) Restitution shall be considered in every case in which a victim of a crime has suffered a material loss or has incurred medical expenses. Whether or not any other sentence or disposition is imposed, a term of probation may be ordered, with restitution as the only condition.

(b) When ordered, restitution may include:

(1) return of property wrongfully taken from the victim; or

(2) cash or installment payments to the victim to compensate for damages to the victim's property or person, or payments in kind if acceptable to the victim.

(c) In awarding restitution, the court shall consider the ability of the defendant to pay.

(d) Restitution, if imposed, shall be made to the victim, or if the victim has died, to the victim's estate.

(e) Restitution orders may be enforced as conditions of probation or parole if the convicted person is sentenced to probation or is sentenced to imprisonment and later placed on parol, or otherwise in the manner of civil judgments.

(f) When restitution is not ordered, the court shall set forth on the record its reasons for not ordering restitution.

(g) No restitution ordered under this section precludes a person granted such relief from pursuing an independent civil action.

This Court has construed these statutes recently in *State* v. *Jarvis*, 146 Vt. 636, 509 A.2d 1005 (1986). We held in *Jarvis* that the two provisions "are parts of a statutory scheme dealing with restitution, and they should be construed together. 28 V.S.A. § 252(b)(6). which generally allows restitution as a condition of probation, is limited by 13 V.S.A. § 7043, which specifically explains when restitution must be considered and what restitution may include." *Id.* at 638, 509 A.2d at 1006. Our overriding concern, of course, is to give effect to the intent of the legislature. *Id.* at 637, 509 A.2d at 1006. With these principles in mind, giving effect to the more specific provisions of § 7043, see *State* v. *Teachout*, 142 Vt. 69, 73, 451 A.2d 819, 820-21 (1982), we turn now to the ques-

tion whether an order of restitution may include payment to an insurer. Since § 252(b)(6) authorizes restitution to "the victim," the question is appropriately rephrased as whether the term "victim" includes the insurer of the person directly injured by the offender's conduct.

"Victim" is nowhere defined in the statutes. Nevertheless, the language in the relevant provisions indicates that the legislature did not contemplate the payment of restitution to insurers.[1] Both statutes refer to "*the* victim." Section 7043(b)(1) refers to "property wrongfully taken from the victim." Subsection (b)(2) concerns "payments to the victim to compensate for damages to the victim's property or person." Subsection (d) refers to "the victim's estate." None of these provisions are intelligible if the term "victim" is construed to include the insurer of the person directly injured by the offender's conduct. See also 13 V.S.A. § 7006 (regarding rights of victims at sentencing proceedings; term "victim" clearly referring to persons) (statute originated in same bill as § 7043). We conclude that restitution under the statutes may not include payments to insurers of direct victims.

This construction is consistent with that provided by courts in several other jurisdictions. See, e.g., *People* v. *King*, 648 P.2d 173, 175 (Colo. App. 1982) (term "victim" in restitution statute refers "to the party immediately and directly aggrieved by the criminal act, and not to others who suffer loss because of some relationship, contractual or otherwise, to the directly aggrieved party."); *Montgomery* v. *State*, 292 Md. 155, 162, 438 A.2d 490, 493 (1981) (term "victim" in restitution statute did not include private insurance companies);[2] *People* v. *Grago*, 24 Misc. 2d 739, 741, 204 N.Y.S.2d 774, 777 (Oneida Cty. Ct. 1960) ("aggrieved party" refers only to "party whose rights, personal or property, were invaded by the defendant"); *State* v. *Stalheim*, 275 Or. 683, 688, 552 P.2d 829, 832 (1976) (term "aggrieved party" in restitution

---

[1] Nor does the legislative history of the act indicate that insurers were intended beneficiaries. Section 7043, known as "An Act Relating to Crime Victim's Bill of Rights," 1983, No. 229 (Adj. Sess.), § 3, was substantially drafted by the House Judiciary Committee during the 1983 legislative session. A hearing on the bill was held before that committee on March 23, 1983, with no mention of restitution beyond the immediate victims of crime.

[2] The Maryland legislature since amended its restitution statute to expressly authorize restitution payments to an insurer that has compensated the direct victim for a property loss. Md. Ann. Code art. 27, § 640(b)(2)(iii) (1987).

statute refers to "direct victim of a crime").[3] We are not unmindful of the weight of federal precedent extending restitution to insurers under the federal statute. See, e.g., *United States* v. *Youpee*, 836 F.2d 1181, 1184 (9th Cir. 1988) (citing supporting cases from Fourth, Sixth, Eighth and Tenth Circuits). The federal statute, however, differs in significant respects from its Vermont counterpart. See 18 U.S.C. § 3663(e) (1) (formerly 18 U.S.C. § 3579). In *United States* v. *Durham*, 755 F.2d 511, 513 (6th Cir. 1985). the Sixth Circuit emphasized that "Congress intended 'victim' to be interpreted very broadly":

> Section 3579(a)(1) permits restitution to "*any* victim of the offense." (emphasis added.) The expansive definition suggested by this language is supported by other provisions of the Act that make clear that Congress intended the definition to reach "indirect" victims such as [insurance companies].

The legislative history of the federal act supports this view:

> [T]he Senate Report indicates that one purpose of the Act is to remedy undesirable situations in which "insurance companies and the insurance buying public are being asked to pay off the offender's debt."

*Id.* (citing to S. Rep. No. 532, 97th Cong., 2d Sess. 31, *reprinted in* 1982 U.S. Code Cong. & Admin. News 2515, 2537). No comparable purpose is evident in the legislative history of Vermont's statutes.

Similarly, several state courts that have permitted restitution orders to insurance carriers rely on statutes that, like the federal statute, differ in relevant respects from the Vermont provision. For example, the Arizona Court of Appeals upheld restitution to an insurance company as a condition of probation under a statute that "mandates restitution where there is *a* victim who has suffered economic loss." *State* v. *Merrill*, 136 Ariz. 300, 301, 665 P.2d 1022, 1023 (Ct. App. 1983) (emphasis in original). "Clearly the insurance company that reimbursed the owner of the property involved . . . has suffered an economic loss." *Id.* The Supreme Court of Utah also upheld restitution to insurance compa-

---

[3] Oregon has also since amended its statutes to broaden the scope of restitution. See *State* v. *Lewis*, 49 Or. App. 447, 450-51, 619 P.2d 684, 686 (1980).

nies where the Utah statutes define "victim" as "a person who the court determines has suffered pecuniary damages as a result of the defendant's criminal activities." *State* v. *Stayer*, 706 P.2d 611, 613 (Utah 1985). The Michigan Court of Appeals likewise permitted restitution to an insurance company under a statute authorizing restitution to "the person or persons injured or defrauded." *People* v. *Bond*, 99 Mich. App. 86, 88, 297 N.W.2d 620, 621 (1980). The Vermont statutes simply do not support such a broad interpretation.

*That portion of the trial court's order requiring payment to the victim's insurance carrier as a condition of probation is vacated.*