## State of Vermont v. Attilio E. Bonfanti

[603 A.2d 365]

No. 90-498

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 20, 1991

*William Sorrell*, Chittenden County State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*David A. Nicholson*, South Burlington, for Defendant-Appellant.

**Morse, J.** Defendant pled no contest to fourth degree arson, 13 V.S.A. § 505, in exchange for a negotiated sentence. He appeals the trial court's order that he make restitution of $25,000 to Vermont Mutual Insurance Company and Northern Security Insurance Company, Inc. These companies insured the building destroyed by fire which led to a charge of arson against defendant, the owner of the building. We affirm.

Defendant argues that the trial court did not have the authority to impose the condition that he pay restitution to the insurance companies. The companies had paid the Chittenden Bank the money due on the mortgage covering the destroyed building. Defendant was the mortgagor.

The statute which authorizes the payment of restitution as a condition of probation, 28 V.S.A. § 252(b)(6), provides that the court may, when imposing a sentence, require the offender to "[m]ake restitution . . . to the victim of his conduct for the damage . . . which was sustained." In *State v. Webb*, 151 Vt. 200, 201, 559 A.2d 658, 659 (1989), we stated that this statute must be construed together with 13 V.S.A. § 7043, which provides that "[r]estitution shall be considered in every case in which a victim of a crime has suffered a material loss." Section 7043 also outlines factors to be considered in determining whether and how a defendant should be ordered to make restitution.

Defendant cites *Webb,* however, for the proposition that restitution cannot be paid to an insurer. Defendant's analysis of the case fails to identify the distinction, made in *Webb,* between payment to the *insurer* of a party directly injured and payment to a *party directly injured.* In *Webb,* the defendant was convicted of driving under the influence, and a condition of his probation was the payment of restitution to the company that insured the residence he damaged. *Webb,* 151 Vt. at 200, 559 A.2d at 659. In reversing the order, we stated: "None of [the statutory] provisions are intelligible if the term 'victim' is construed to include the insurer of the person directly injured by the offender's conduct. . . . We conclude that restitution under the statutes may not include payments to insurers of direct victims." *Id.* at 202, 559 A.2d at 660.

Defendant misconstrues the holding of *Webb,* which proscribed only the payment of restitution to insurance companies as indirect victims, not to insurance companies per se. We agree with the sentencing court that the instant case is not a situation of third-party coverage. Consequently, 28 V.S.A. § 252(b)(6) does not preclude the restitution order because, as the sentencing court stated, "the insurer is in privity with defendant and the party directly damaged by the crime. Within the meaning of the statute, it is the victim. There is no general exclusion of insurance companies from the category of victim in [the] statute."

Based on the circumstances of the crime, the sentencing court reasonably concluded that the insurance companies were the immediate and intended victims of the crime. The affidavit of probable cause, submitted by a fire investigator for the Vermont Department of Public Safety, stated that defendant had been unsuccessfully attempting to sell the property for "some time." It was determined that an explosion preceded the fire, and that someone had tampered with the feeder gas line of the furnace in the basement of the building. A pipe was missing, causing natural gas to flow freely. In addition, someone had spread several gallons of kerosene on the first and second floors. Defendant's wife told the investigator that the couple was experiencing "dire financial troubles" and that they were behind on their bills, including payments on the building. No one resided in the building during the period preceding the ex-

plosion, and defendant had arranged to have the gas turned back on ten days before the fire after paying a long-standing bill. There was no evidence of forced entry.

Defendant's conduct was analogous to that of an embezzler, who fraudulently converts the money or property of another for personal use. See, e.g., 13 V.S.A. § 2531 (a person who "fraudulently converts to his own use . . . money or other property which comes into his possession or is under his care . . . shall be guilty of embezzlement"). Defendant, by committing the crime of arson, caused his obligation to the Chittenden Bank to be discharged because the insurance companies paid in his place. In so doing, he fraudulently converted to his own use the insurance funds so that he was no longer indebted to the bank.

Defendant argues that the victim of the crime under these facts was the Chittenden Bank, the holder of the mortgage on the building, not the insurance companies, who were forced to pay off the mortgage as a result of the fire. Our statutory scheme, however, assumes the "victim" of a crime suffers some sort of wrong for which restitution compensates. See 28 V.S.A. § 252(b)(6); 13 V.S.A. § 7043. The wronged parties entitled to restitution in this case are the insurance companies.

The nature of the arrangement between the insurance companies, the mortgage holder and defendant was that if a fire occurred, the insurance companies, not the bank, would absorb the loss. The Chittenden Bank received repayment on its promissory note because of the fire insurance, a satisfaction which would not have occurred had the bank foreclosed on defendant's mortgage. Conversely, had there been no insurance, defendant's obligation would have remained intact, despite the fire's destruction. Defendant's profit from the arson is evident.

■ We hold that the sentencing court acted within its authority in ordering restitution to the insurance companies as a condition of defendant's probation. We have stated that an insurer's loss is a relevant consideration at a sentencing hearing, even though we declined to reach the question of whether the insurer in that particular case was a "victim" for purposes of 13 V.S.A. § 5301. *State v. McElreavy*, 157 Vt. 18, 26, 595 A.2d 1332, 1336 (1991) (evidence of insurer's loss was relevant at arsonist's sentencing hearing because "'[t]he propensity and nature of the offender, the particular acts by which the crime was committed,

and the circumstances of the offense are all relevant to the determination of an appropriate sentence.'") (quoting *State v. Bushway*, 146 Vt. 405, 407, 505 A.2d 660, 661 (1985)). Certainly, where the insurer has suffered harm as a direct victim of a defendant's wrongdoing, restitution is an appropriate.condition of probation.

The order was within the court's discretion and therefore will not be disturbed on review. See 28 V.S.A. § 252(a) ("conditions of probation shall be such as the court in its discretion deems reasonably necessary to ensure that the offender will lead a law-abiding life"). To hold otherwise would allow defendant to receive a windfall from his criminal activity because the parties experiencing an actual material loss happen to be insurance companies. Our holding in *Webb* was never intended to lead to such a result.

*Affirmed.*