### State of Vermont v. Rainey Lewis

[711 A.2d 669]

No. 96-493

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed April 17, 1998

*Lauren Bowerman,* Chittenden County State's Attorney, and *John R. Treadwell,* Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Robert Appel,* Defender General, *Anna Saxman,* Appellate Attorney, and *David Moore,* Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant Rainey Lewis pled guilty to escape, 13 V.S.A. § 1501, and as a condition of probation was ordered to pay restitution to the Department of Corrections for the expenses it incurred in his extradition from North Carolina. He appeals the order contending (1) the cost of extradition is a "cost of prosecution" and thus is not taxable to criminal defendants; (2) the probation condition exceeds the statutory limits on restitution; and (3) there was insufficient evidence to support the award. We affirm.

On October 6, 1995, defendant failed to return from work furlough to the Northwest Regional Correctional Facility. Instead, he fled to North Carolina and subsequently was charged with escape. See 13 V.S.A. § 1501. In March of 1996, defendant was apprehended in North Carolina and extradited to Vermont where he was returned to the custody of the Vermont Department of Corrections. The cost of defendant's extradition was borne by the Department.

After a plea of guilty, defendant objected to a recommendation in the presentence investigation report ("PSI") that he be ordered to reimburse the Department nearly $3,000 for the cost of his extradition. The trial court sentenced defendant to one-to-three years, all suspended except for nine months, with special probation conditions. Among the conditions imposed was an order that defendant pay $1,500 to the Department. This appeal followed.

## I.

We first consider defendant's assertion that the cost of extradition is a "cost of prosecution" and therefore is not taxable to criminal defendants. At issue are two Vermont statutes: 13 V.S.A. § 7172(b), stating that the "[c]ost of prosecution shall not be taxed against a respondent in any criminal cause," and 13 V.S.A. § 7253, stating that "[t]he costs of prosecution for the breach of a penal law or other offense . . . shall be paid out of the treasury of the state." Neither statute specifically defines what constitutes a cost of prosecution.

We have construed the statutes to preclude charging criminal defendants for the costs of a search warrant, the trial record, subpoenas, and a continuance. See *Fay v. Barber*, 72 Vt. 55, 58, 59, 47 A. 180, 182 (1899). In addition, we have rejected cost awards for term fees, travel fees, and attorney's fees in a criminal case. See *In re Pierce*, 103 Vt. 438, 439, 156 A. 137, 138 (1931). We have also ruled that jury costs could not be imposed on the state's attorney's office or the police department. See *State v. Mitchell*, 147 Vt. 218, 220, 514 A.2d 1047, 1049 (1986). In no case, however, has this Court extended the statutory prohibition to prevent recovery of expenses incurred in extraditing an escaped inmate.

Before his escape, defendant was convicted of assault, robbery, and kidnapping and was sentenced to a term of imprisonment with the Department. When he was later placed on furlough, he remained in the custody of the Commissioner of Corrections. See 28 V.S.A. § 808(c). Upon defendant's apprehension in North Carolina and the notification of the Department that defendant had been located, the Commissioner sought to return defendant to his custody.

The Commissioner is charged with the power "[t]o utilize the resources of the department to apprehend any person escaping from a correctional facility." 28 V.S.A. § 102(b)(10). Hence, defendant's extradition was more closely related to his earlier conviction and

sentence for assault, robbery, and kidnapping than to his subsequent prosecution for escape. We recognize that defendant's extradition was a necessary step in his later prosecution for escape but note that the Commissioner would have sought defendant's return, irrespective of any subsequent decision to prosecute. Defendant was a fugitive from justice who was returned to the status he held vis a vis the Department prior to his escape.

We are aware that some jurisdictions have held that the cost of extradition is a cost of prosecution that can only be charged to a defendant pursuant to express statutory authority. See, e.g., *Skillman v. State*, 696 So. 2d 1341, 1342 (Fla. Dist. Ct. App. 1997) (cost of extradition is a cost of prosecution, and must be sought in accordance with statutory procedures, if it is to be assessed against the defendant). The case at bar is distinguishable, however, in that the underlying, substantive offense is escape. This unique fact makes the issue before us more analogous to another line of cases where defendants have been ordered to pay restitution to law enforcement agencies for certain investigation and apprehension costs. See, e.g., *State v. Dillon*, 637 P.2d 602, 608-09 (Or. 1981) (defendant ordered to pay restitution to county and local police department for damages to patrol car caused during a car chase); *State v. Hernandez*, 822 P.2d 1011, 1014 (Idaho Ct. App. 1991) (defendant ordered to reimburse law enforcement agencies the amount of "purchase money" expended during investigation of narcotics violations).

The instant case is factually similar to *Dillon*. There the defendant was convicted of attempting to elude a police officer. See 637 P.2d at 604. He was ordered to reimburse the county for damage to a patrol car resulting from a collision with defendant's automobile, and also the police department for damage to the patrol car caused by gunfire during his apprehension. See *id*. The court held that the award was proper because the items of restitution constituted "special damages recoverable in civil proceedings." *Id*. at 607.

As in *Dillon*, the case before us involves a defendant who purposefully attempted to evade the law, and as a result of this criminal conduct, pecuniary damages were suffered by a state department acting as a law enforcement agency. Escape is a "continuing offense," *State v. Burns*, 151 Vt. 621, 623-24, 564 A.2d 593, 595 (1989), and thus the absconder has a continuing "duty to submit himself to the restraints of the law." *State v. Wright*, 81 Vt. 281, 285, 69 A. 761, 761 (1908). When seeking to apprehend a person escaping from a

correctional facility, "the commissioner and any authorized employee of the department shall have all the power and authority of a law enforcement officer." 28 V.S.A. § 102(b)(10). Here, defendant did not submit himself to the restraints of the law, and the Department acted lawfully to pursue him and return him to custody.

■ As a result, we find that the expenses incurred by the Department for defendant's extradition do not constitute nontaxable costs of prosecution. We decline to address whether costs of extradition are, in general, costs of prosecution. Rather, we limit our holding to the specific facts of this case where defendant absconded from custody.

## II.

Next, we turn to defendant's contention that the probation condition exceeds the statutory limits on restitution. Defendant contends that the award is not authorized for primarily three reasons: (1) the award exceeds the maximum fine allowable for a charge of escape; (2) the Department is not a "victim" for purposes of awarding restitution; and (3) the Department suffered no "material loss" as required by the statute.*

■ We begin by quickly disposing of defendant's first claim. The mere fact that the restitution award exceeds the maximum fine allowable for escape does not make it improper. In support of his allegation, defendant relies on 28 V.S.A. § 252(b)(7), which provides that when imposing a sentence of probation, the court may require the offender to "[p]ay a fine authorized in accordance with [the] law." The crime of escape carries a maximum fine of $1,000. See 13 V.S.A. § 1501(b)(4), and the trial judge ordered defendant to reimburse the Department $1,500. Defendant's argument, however, does not square with our holding in State v. VanDusen, 166 Vt. 240, 244, 691 A.2d 1053, 1055 (1997), where we observed that with respect to restitution awards, the Legislature did not intend to limit damages based on the dollar amount in the charge against a defendant, and accordingly we affirmed a restitution award exceeding the value limit for defendant's crime of petit larceny. Thus, we find no merit in defendant's argument

---

*Defendant also alleges that the trial court improperly attempted to circumvent the statutory restrictions on restitution by making the order pursuant to the probation catch-all provision, 28 V.S.A. § 252(b)(15) (Cum. Supp. 1997), as opposed to the specific restitution provision, § 252(b)(6). Because we find that the award comports with all of the statutory requirements concerning restitution awards, this argument fails.

that the award here fails merely because it exceeds the maximum fine allowable for escape.

Defendant's next two claims present related issues of more substance. It is well settled that in criminal cases "costs are taxable only by force of the statutes." *Pierce*, 103 Vt. at 439, 156 A. at 138. Under 28 V.S.A. § 252(b)(6), the court may require, as a condition of probation, that the offender "[m]ake restitution or reparation to the victim of his conduct . . . for the damage or injury which was sustained." In addition, we have held that "28 V.S.A. § 252(b)(6), which generally allows restitution as a condition of probation, is limited by 13 V.S.A. § 7043, which specifically explains when restitution must be considered and what restitution may include." *State v. Jarvis*, 146 Vt. 636, 638, 509 A.2d 1005, 1006 (1986).

The term "victim" is not defined in either the restitution statute or the probation statute. We have held, however, that our statutory scheme "assumes the 'victim' of a crime suffers some sort of wrong for which restitution compensates." *State v. Bonfanti*, 157 Vt. 625, 628, 603 A.2d 365, 367 (1991). Moreover, we have held that governmental bodies are not precluded from recovering under the restitution scheme. See, e.g., *State v. Godfrey*, 131 Vt. 629, 631, 313 A.2d 390, 391 (1973) (person convicted of welfare fraud ordered to reimburse Department of Social Welfare funds fraudulently received); *State v. Benoit*, 131 Vt. 631, 635, 313 A.2d 387, 389 (1973). Therefore, the Department's status as a public institution is not a per se bar against recovery.

■ The first issue, then, is whether the Department was directly injured by defendant's criminal conduct. See *Bonfanti*, 157 Vt. at 629, 603 A.2d at 367. Relying on *State v. Webb*, 151 Vt. 200, 559 A.2d 658 (1989), defendant argues that the Department is not a "victim" for purposes of restitution because it is not a direct victim of the crime. In *Webb*, we concluded that restitution "may not include payments to *insurers* of direct victims." *Id.* at 202, 559 A.2d at 660 (emphasis added). In our view, however, the facts here more closely resemble those of *Bonfanti*. In *Bonfanti*, we held that an arsonist can be ordered to make restitution to the companies insuring the building he burned. See 157 Vt. at 627, 603 A.2d at 367. As we explained, "[b]ased on the circumstances of the crime, the sentencing court reasonably concluded that the insurance companies were the immediate and intended victims of the crime." *Id.* Similarly, based on the circumstances of the underlying substantive offense in this case, escape, the Department was the immediate and intended victim of defendant's

criminal conduct. Thus, the Department is a victim for purposes of awarding restitution.

This finding is consistent with the definitions of "victim" provided in other statutes. For example, 13 V.S.A. § 5351(7)(A), establishing the victim's compensation fund, defines "victim" as "a person who sustains injury or death as a direct result of the commission or attempted commission of a crime." Although 13 V.S.A. § 5351(4) defines "injury" as "actual bodily harm or pregnancy, or emotional harm resulting from the crime," another provision of the same subchapter allows victims to be eligible for compensation for "pecuniary losses sustained as a result of a crime." *Id.* § 5353(g) (Cum. Supp. 1997). And, § 5351(5) defines "pecuniary loss" to mean "in the case of a victim, the amount of medical or medically-related expenses, loss of wages, and any other expenses which the [victim's compensation] board feels became necessary as a direct result of the crime." In addition, 13 V.S.A. § 5301(4), establishing the victim's assistance program, defines "victim" to mean "a person who sustains physical, emotional or financial injury or death as a direct result of the commission or attempted commission of a crime."

The next issue is whether the Department suffered a material loss under our restitution statutory scheme. Defendant argues that the monies expended by the Department constitute general law enforcement costs that are not compensable under our statutory scheme.

█ Restitution must be considered in every case "in which a victim of a crime has suffered a material loss or has incurred medical expenses." *Id.* § 7043(a) (Cum. Supp. 1997). "To support a restitution order, the State must establish both the amount of the victim's loss and causation between the defendant's acts and the victim's loss." *VanDusen*, 166 Vt. at 244, 691 A.2d at 1055. We have no difficulty in finding the requisite causal relationship; the cost of defendant's extradition was a direct consequence of his escape, and, therefore, constitutes a "material loss" under § 7043(a). We have held that "only liquidated amounts which are easily ascertained and measured are recoverable under the legislative scheme." *Jarvis*, 146 Vt. at 638, 509 A.2d at 1006; *State v. May*, 166 Vt. 41, 43, 689 A.2d 1075, 1077 (1996). The out-of-pocket expenses incurred by the Department are not consequential damages of defendant's conduct, nor do they comprise the ordinary operational costs of law enforcement. Rather, they constitute the type of special damages encompassed under our statutory scheme and for which a quantifiable sum can be ascertained. See *May*, 166 Vt. at 47, 689 A.2d at 1079 (Dooley, J., concurring).

We conclude that the financial injury sustained by the Department involves an easily ascertainable sum that otherwise complies with the statutory requirements and reflects the principles behind restitution in criminal sentencing. That said, the award is specifically authorized under 13 V.S.A. § 7043(b)(1), which provides that restitution may include the "return of property wrongfully taken from the victim," and § 7043(b)(2), which allows restitution in the form of "cash or installment payments to the victim . . . to compensate for damages to the victim's property or person." The money expended by the Department to return defendant to its custody constitutes property that was wrongfully taken. Cf. *State v. Pettit*, 698 P.2d 1049, 1051 (Or. Ct. App. 1985) (purchase money qualifies as special damages because "[i]t was the city's property," and it was "taken" by defendant in exchange for cocaine). Thus, the Department suffered a wrong for which restitution compensates. Simply stated, defendant unlawfully attempted to escape from the Commissioner's custody; he should not now be permitted to escape responsibility for the direct consequences of his criminal conduct.

## III.

Finally, we address defendant's alternative claim that even if the trial court had the authority to award extradition costs, there was insufficient proof to support the award in this instance. Without further elaboration, defendant claims that the proof was insufficient based on our holding in *May*. In *May*, a restitution award for the victim's lost profits was stricken on the ground that it was not proved with reasonable certainty. See 166 Vt. at 45, 689 A.2d at 1078. We held that "[l]ost profits . . . may or may not be easily ascertainable, and thus proof of actual loss is crucial." *Id.* at 43, 689 A.2d at 1077.

Unlike lost profits, however, we believe that extradition costs are ordinarily easy to ascertain. In this case, the PSI contains a recommendation that defendant reimburse the Department nearly $3,000 to cover the expenses it incurred in his extradition from North Carolina. At the sentencing hearing, defendant made no argument that the award did not reflect the actual costs incurred. After assessing defendant's ability to pay, the trial court ordered defendant to pay approximately half of the extradition costs requested — a relatively modest sum.

The trial court has discretion to determine the proper amount of restitution. *Id.* at 45, 689 A.2d at 1078. In reviewing damage awards, we do not "substitute our judgment for that of the jury, nor

will we substitute our discretion for the discretion of the trial court." *In re Boisvert*, 135 Vt. 69, 74, 370 A.2d 209, 212 (1977). Defendant provides no evidence suggesting that the award is unreasonable. In the absence of specific claims of error, we conclude that the sentencing judge did not abuse his discretion.

*Affirmed.*