*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

SUPREME COURT DOCKET NO. 2010-384

AUGUST TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Orleans Unit, |
| | } | Criminal Division |
| | } | |
| Paul H. Mason | } | DOCKET NO. 578-11-08 Oscr |

Trial Judge: David A. Jenkins

In the above-entitled cause, the Clerk will enter:

Defendant appeals his convictions following a jury trial of one count of first-degree arson and one count of burning to defraud an insurer. On appeal, defendant argues that the court erred in (1) denying defendant's request for a mistrial because of a statement made by an excused juror during jury draw; (2) allowing an expert witness to testify as to his belief that defendant set the fire without sufficient cautionary instructions to the jury; and (3) denying defendant's motion for acquittal for insufficient evidence. We affirm defendant's convictions. In addition, we address a certified question from the trial court regarding the ability of the homeowner's insurance company to receive restitution from defendant. As to the certified question, we conclude that defendant may be ordered to pay the insurance company restitution and remand that matter to the criminal division.

The charges against defendant were brought following a fire in the house of his friend, homeowner Randy Blake, in the early morning of August 5, 2007. A neighbor and a passerby both noticed the blaze and notified the fire department around 3 a.m. The local fire chief referred it to an investigator. Lieutenant Detective Cruise of the State Police Fire Investigation Unit investigated the fire, and concluded that it was incendiary in nature.

Jury draw occurred on March 29, 2010. During the jury draw, the prospective jurors were asked whether they knew defendant. One prospective juror answered: "I know [defendant] because my sister is married to his cousin, and [defendant] actually stayed with them for a while. I think he was on house arrest for something." The juror was dismissed. There is no record in the transcript of an objection by defendant, but there was an unrecorded bench conference following the statement. The court then instructed the jury,

> If you hear anything during these proceedings, I charge you that these are not things that you should discuss in your deliberations. It's not evidence and it may not be the law, so you are to disregard anything you've learned about what may be the evidence and decide the case only on the evidence that you hear from the witnesses, and take the charge, take the law from the Court which I

will give you at least before you deliberate, and not from anything that's said here in questions, answers, or suggestions as to the law.

The trial proceeded. As part of its case, the State presented testimony from defendant's girlfriend at the time of the fire and from the homeowner. The girlfriend testified that defendant had told her that he planned to burn down the house for the insurance money, and that he was expecting homeowner to give him twenty percent of any recovery. There were also recorded conversations played for the jury between defendant and his girlfriend regarding the fire. The homeowner testified that he and defendant had a conversation about burning down the house and discussed when the homeowner would be away. The homeowner also testified that they agreed to share the insurance money and that defendant would receive ten percent.

In addition, Lieutenant Detective Cruise, who is trained in accordance with a nationally recognized guideline for fire and explosion investigation, testified concerning his expert opinion about how the fire started. He explained the methodology he used to investigate the fire, based on national guidelines. He listed the factors used in the investigation, including witness observations and the fire and burn analysis. After describing and analyzing the fire scene photos and explaining his interpretation of the burn patterns on the first day of trial, he described the interview phase of his investigation on the second day of trial. He recounted interviews that he conducted with various individuals including defendant, defendant's girlfriend and the homeowner. Defendant objected to admission of these conversions, arguing that it was up to the jury to determine the veracity of the witnesses and the import of their statements. The court overruled these objections. Based on his investigation, the expert testified that he concluded the fire was incendiary and set by defendant.

At the close of the State's case, defendant moved for judgment of acquittal. The court denied the request, concluding that there was sufficient evidence to convict. Defendant did not testify, but presented testimony from his coworker who testified that defendant was working with him as a bouncer the night and early morning of the fire. Although the coworker could not remember when defendant left that night in particular, he testified that usually on a Saturday night defendant would not leave until after 2:30 a.m., and likely not until 3 a.m. In closing arguments, defendant's theory of the case was that defendant did not have enough time to set the fire. He argued that it was ignited by someone else in association with homeowner. As his attorney argued: "we're not contesting that this was a fire that was set, we're saying that Randy set it or that someone in Randy's employ set it."

The court charged the jury. As to expert witnesses, the court instructed the jury: "The weight to be given to expert testimony is solely a matter for your determination. You can believe all, part, or none of any expert witness' testimony." Defendant objected to the instructions on two points unrelated to expert witness testimony. The jury found defendant guilty on both counts. On April 19, 2010, defendant filed a post-trial motion claiming, among other things, that the potential juror's comment tainted the jury pool and that Lieutenant Detective Cruise was impermissibly allowed to testify about defendant's guilt. The court denied the motion and sentenced defendant. Defendant appealed.

Subsequently, the State requested restitution for the homeowner's insurance company based on amounts it paid to homeowner and the mortgagees on the property. The parties submitted an agreed statement of facts and the court certified the following question of law to this Court: whether defendant could be ordered to pay the insurance company restitution. The question was entered on this pending docket for defendant's direct appeal.

Defendant first argues that the potential juror's comment tainted the jury pool and necessitated a new trial. Motions for a new trial are entrusted to the discretion of the trial court and will not be disturbed absent an abuse of that discretion. State v. Grega, 168 Vt. 363, 370 (1998). "[T]he trial judge is in the best position to determine whether a jury has been tainted, and consequently, every reasonable presumption in its favor is accorded to the ruling below." Id. (quotation and alteration omitted). Although it is unclear from the record that this objection was properly preserved for appeal,[1] we nonetheless consider it and conclude that the court did not err in denying the motion. The individual was dismissed from the jury pool. Further, the isolated comment had no bearing on the actual issues involved in the case, and there was no evidence that the comment "affected the jury's ability to make a fair and impartial decision." Id. Finally, the judge provided a curative instruction to prevent any misuse of the statement. Under these circumstances, the court did not abuse its discretion in denying the motion.

Defendant also argues that he is entitled to a new trial because the State's expert was impermissibly permitted to offer an opinion on defendant's guilt, without the court "caution[ing] the jury regarding the weight it should assign to so-called 'expert testimony.' "[2] As an expert, Lieutenant Detective Cruise was qualified to testify as to his opinion of how the fire started and could rely on hearsay evidence to form his opinion. V.R.E. 702, 703; State v. Prior, 174 Vt. 49, 56-57 (2002). We do not address any claim regarding the quality of the court's instructions because defendant failed to object to the court's instructions regarding expert witnesses following the jury charge, V.R.Cr.P. 30, and does not argue plain error on appeal. State v. Lampman, 2011 VT 50, ¶ 33, __ Vt. __ (mem.).

Next, defendant argues that the court erred in denying his motion for acquittal. In reviewing a motion for acquittal, "we must consider whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Muscari, 174 Vt. 101, 105 (2002) (quotation omitted). Defendant's claim that the State's evidence was insufficient because no physical evidence was found at the scene to link him to the fire is not dispositive since the incendiary nature of a fire may be proven by circumstantial evidence. State v. Perras, 117 Vt. 163, 167 (1952). We are also not persuaded by defendant's argument that the State's evidence was insufficient because the State relied on the testimony of defendant's girlfriend and the homeowner, both of whom defendant claims presented unreliable and inconsistent evidence. The credibility of witnesses does not have an impact on the sufficiency of the evidence, however, but on the weight to be given that evidence—a matter for the jury to decide. State v. Hinchliffe, 2009 VT 111, ¶ 22, 186 Vt. 487. When viewed in a light most favorable to the State, the testimony of defendant's girlfriend, the homeowner and the State's expert all provided enough evidence to demonstrate that the fire was incendiary.

---

[1] The record does not reveal that defendant moved for a motion of acquittal at the jury draw. The transcript indicates that following the potential juror's comment there was a bench conference, but it was not recorded. In trial court post-trial motions, trial counsel represented that a motion for mistrial was made. This assertion is insufficient, however, to preserve the issue. It is defendant's responsibility to preserve an objection for the record. Defendant should have either ensured that the record reflected the objection or for purposes of appeal created a statement of the proceedings in accordance with the procedures described in Rule of Appellate Procedure 10(c).

[2] Defendant did not argue either in the trial court or in this Court that the opinion that defendant set the fire was inadmissible.

Finally, we address the legal question certified from the criminal division as to whether defendant may be ordered to pay restitution to the insurance company. We have held that when an insurance company is directly damaged by a crime, it may receive restitution as the victim of the crime. State v. Bonfanti, 157 Vt. 625, 629 (1991). In this case, the insurance company's status as a direct victim is even more apparent than in a case involving arson only because defendant was also convicted of burning to defraud an insurer—by definition a crime that harms the insurance company. See id. at 628 (analogizing harm caused to insurance company by arson to harm caused by embezzlement). In addition, as agreed on in the statement of undisputed facts, the homeowner was a codefendant and in privity with the insurance company that paid claims to third parties. Therefore, as in Bonfanti, the acts of defendant and homeowner, his codefendant, caused direct harm to the insurance company and may be recouped through restitution. The matter is remanded for the criminal division to determine the amount of restitution and defendant's ability to pay. See State v. Sausville, 151 Vt. 120, 121-22 (1989) (requiring finding on defendant's ability prior to ordering restitution).

Defendant's convictions for first-degree arson and burning to defraud an insurer are affirmed. The restitution matter is remanded to the criminal division.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice

4