Ex Parte WILLIAMS

(21 N. W.2d 593.)

(File No. 8786. Opinion filed February 11, 1946.)

**Frances J. Parker,** of Deadwood, for Appellant.

**Paul H. Bek,** Co. Atty., of Seward, Neb., and **Clinton G. Richards,** of Deadwood, for Respondent.

SICKEL, J. C. Roy Williams was charged with crime in a complaint filed before a magistrate in Seward county, Nebraska. He was found in this state and was returned to Nebraska in extradition proceedings. Thereafter, an information was filed in the district court charging him with the issuance of two bad checks, one for $11.05 and the other for $10. The information contained six counts, three on

each check. Counts one and two charged forgery; counts three and four charged that the checks were issued without funds. The charges contained in these four counts were felonies. Counts five and six charged that the checks were issued without sufficient funds on deposit to pay them. These charges were misdemeanors. The defendant was arraigned in district court on June 29, 1942. He pleaded not guilty to counts one to four, and pleaded guilty to counts five and six. Then, at the request of the county attorney, the matter of sentence on counts five and six was "taken under consideration for investigation, until disposal by trial or disposition otherwise," of counts one, two, three and four, and the case was set for trial November 2, 1942. Further continuances were granted, until the case was finally set for trial on December 15, 1942. Defendant failed to appear at that time as ordered by the court, his bond was forfeited and his re-arrest ordered. He was again found in South Dakota and the Governor of Nebraska again demanded his extradition. The extradition warrant was issued by the Governor. Before delivery of the defendant to the agent of Nebraska, he applied to the circuit court of Lawrence county for a writ of habeas corpus. The application was denied and defendant has appealed.

Appellant claims that he is not a fugitive from justice. He does not deny that he has been charged with crime in Nebraska, but says that by subsequent acts and conduct of the Nebraska officers he is entitled to his discharge. The acts and conduct to which appellant refers consist of an understanding with the county attorney and the district judge before whom the criminal charges were pending, that the charges contained in the first four counts of the information would be dismissed; that appellant would pay a fine of $100 on each of the other two counts; that appellant would pay the cost of the criminal prosecution including the costs of the first extradition. Appellant further contends that he made restitution to the holders of the checks, paid the costs and left with his attorney a fund sufficient to pay the fines; that these funds were later deposited in the office of the clerk of the court; that in so doing he did every-

thing required of him for the final disposition of the charges against him.

■ When a person is charged with crime in one state, and is found in another, he is a fugitive from justice under Const. U. S. Art. 4, § 2, and he is subject to extradition until all the demands of the law of the state seeking his extradition have been satisfied. Bassing v. Cady, 208 U. S. 386, 28 S. Ct. 392, 52 L. Ed. 540, 13 Ann. Cas. 905; United States ex rel. Faris v. McClain, D. C., 42 F. Supp. 429; Grogan v. Welch, 55 S. D. 613, 227 N. W. 74, 67 A. L. R. 1474; Ex Parte Colcord, 49 S. D. 416, 207 N. W. 213; Drinkall v. Spiegel, 68 Conn. 441, 36 A. 830, 36 L. R. A. 486; Cappola v. Platt, 123 Conn. 38, 192 A. 156, certiorari denied, 302 U. S. 726, 58 S. Ct. 47, 82 L. Ed. 560; Ex Parte Weinhause, 202 Mo. App. 245, 216 S. W. 548.

■ The record in this case shows that while the county attorney agreed to move the dimissal of the charges contained in counts one, two, three and four of the information, and did so move, the charges were never actually dismissed; that the county attorney agreed to, and did, recommend a fine of $100 on each of the counts five and six, but that the defendant was never sentenced by the court, and that no judgment of dismissal or conviction and sentence was ever filed. The record further shows that while the defendant paid the costs as directed orally by the court, and left with his attorney sufficient money to pay the fines which the court indicated would be imposed at the time of sentence, and that such money is now on deposit in the office of the clerk of the court, such money has never been accepted or applied in the discharge of any fine. It cannot therefore be said that the demands of the law of the State of Nebraska have been satisfied in this case.

The judgment of the circuit court denying appellant's discharge is affirmed.

All the Judges concur.

A. B. BECK, Circuit Judge, sitting for POLLEY, J.