STATE ex rel. MARTIN, Appellant v. BOOS, Respondent

(186 N.W.2d 130)

(File No. 10820. Opinion filed April 20, 1971)

Anderson & Quinn, Sioux Falls, for petitioner and appellant.

Gordon Mydland, Atty. Gen., Walter W. Andre, Asst. Atty. Gen., Pierre, Roger A. Schiager, Sp. Asst. Atty. Gen., Sioux Falls, for respondent.

HANSON, Judge.

This is an appeal from an order quashing a writ of habeas corpus in which the appellant-petitioner challenges the legality of extradition proceedings initiated by the State of California.

In 1959 petitioner, Kenneth Verl Martin a/k/a Kenneth Harrison, was sentenced to serve a term of seven years in the South Dakota Penitentiary. He was released on parole in 1963. A year later he was convicted in the State of California of the crime of first degree burglary and sentenced for an indeterminate term of five years to life in a California state prison.

In December 1965 petitioner filed a petition for a writ of habeas corpus in the Superior Court of Marin County, California, requesting his return to South Dakota as a parole violator for the sole purpose of permitting him to serve his South Dakota and California sentences concurrently. In accordance with the rule established in In Re Stoliker, 49 Cal. 2d 75, 315 P.2d 12, interpreting Section 669 of the California Penal Code, the Superior Court entered its approving order providing in part:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the writ of habeas corpus shall issue **upon the conditions** that an authorized representative of the South Dakota Board of Pardons and Parole present himself to the Dir-

ector of Corrections to take custody of the petitioner and **that petitioner waive extradition by the State of California for his return to this state in the event he is released by the South Dakota authorities whether on parole or otherwise,** prior to the terminal date of the California sentence fixed by the Adult Authority". (emphasis added)

Pursuant to this conditional release petitioner was returned to the South Dakota Penitentiary where he remained until his release on August 18, 1967.

Extradition proceedings were instituted by the State of California and petitioner was arrested by the Sheriff of Minnehaha County on his release from the State Penitentiary in August 1967. While waiting extradition petitioner escaped. He was shortly afterwards apprehended, convicted of escape, and sentenced to a term in the South Dakota State Penitentiary.

In February 1970 the present extradition proceedings were commenced by the State of California. In response the Governor of South Dakota issued a warrant and authorization for petitioner's arrest and transportation back to the State of California in accordance with the Uniform Criminal Extradition Act, SDCL 23-24. Petitioner was again arrested by the Sheriff of Minnehaha County upon his release from the State Penitentiary and is now confined in the Minnehaha County jail pending final determination of these proceedings. The Governor of California's demand for the extradition of petitioner alleged, in part, "it has been represented and is satisfactorily shown to me that the accused was present in this State at the time of the commission of said crime and thereafter was transferred from this State to the State of South Dakota to permit service of California sentence concurrent with prior South Dakota commitment." Petitioner contends he cannot be extradited as a fugitive from California as the requisition for his return does not allege (1) he escaped from confinement or (2) he broke the terms of his bail, pro-

bation, or parole as required by SDCL 23-24-3,[1] where the extradition of a person convicted of a crime is sought by the demanding state.

When a person has committed or is charged with crime "in one state, and is found in another, he is a fugitive from justice under Const.U.S. Art. 4, § 2, and he is subject to extradition until all the demands of the law of the state seeking his extradition have been satisfied." Ex parte Williams, 71 S.D. 95, 21 N.W.2d 593. The motive, reason or purpose inducing the departure of an accused from the demanding state is immaterial, Grogan v. Welch, 55 S.D. 613, 227 N.W. 74, 67 A.L.R. 1474, and it is immaterial whether "his departure from the demanding state or his entry in to the asylum state was voluntary or involuntary." Powell v. Turner, 167 Kan. 524, 207 P.2d 492.

The State of California did not impliedly waive jurisdiction over petitioner by surrendering his custody to South Dakota. This contention was answered in Banks v. O'Grady, Warden, 8 Cir., 113 F.2d 926, as follows: "The power and right to punish the violator of its laws is not lost by a state because it consents to waive the infliction of punishment pending punishment by another state of the same criminal

---

1. "No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under § 23-24-7, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

for the violation of its laws, or because it defers punishment for one offense until it has punished for a subsequent offense." Guerrieri v. Maxwell, 174 Ohio St. 40, 186 N.E.2d 614; Commonwealth ex rel. Bonomo v. Haas, 428 Pa. 167, 236 A.2d 810; Hunt v. Hand, 186 Kan. 670, 352 P.2d 1; State ex rel. Gegenfurtner v. Granquist, 271 Minn. 207, 135 N.W.2d 447; In re Patterson, 64 Cal.2d 357, 49 Cal.Rptr. 801, 411 P.2d 897; In re Satterfield, 64 Cal.2d 419, 50 Cal.Rptr. 284, 412 P.2d 540.

Petitioner was in California at the time of the commission of the crime for which he was later convicted. The sentence remains unsatisfied and he is now an extraditable fugitive from justice in South Dakota. In explaining the application of the Uniform Criminal Extradition Act in a similar case the Kansas court pointed out that their statute, G.S.1949, 62-729, which is identical to SDCL 23-24-3, "is in the disjunctive, and provides for two alternative showings by the demanding state in order to secure extradition—that is, that the person is a fugitive from justice, **or,** having been convicted and sentenced, has escaped from confinement or has broken the terms of his bail, probation or parole. Plaintiff had committed a crime in the state of California. The fact authorities of that state turned him over to the federal authorities for prosecution did not deprive California of jurisdiction over him when he completed the federal sentence. The fact he came into this state involuntarily makes no difference. While he did not 'flee' from California in the literal sense of the word, nevertheless, not having completed the sentence imposed by the state court of California, he, at the time of his release in this state by the federal authorities, was, as to the state of California, a fugitive from justice and therefore was subject to being returned to that state. The demand by the governor of California complied with the provisions of the mentioned statute and was sufficient to support the issuance of the warrant by the governor of this state." Hedge v. Campbell, 192 Kan. 623, 389 P.2d 834.

Petitioner has failed to show he has been unlawfully restrained or deprived of his liberty. He remained in the constructive custody of the State of California during and after

the service of his sentence here. The State of California is entitled to his immediate return under the warrant issued by the Governor of South Dakota.

Affirmed.

All the Judges concur.