[No. 1830-2.   Division Two.   July 16, 1975.]

JULIE ANN WICKERT, *Petitioner*, v. BOARD OF PRISON TERMS AND PAROLES *et al*, *Respondents*.

[See 21 Am. Jur. 2d, Criminal Law § 545.]

*Richard Phillips*, for petitioner.

*Slade Gorton, Attorney General*, and *Thomas W. Hayton, Assistant*, for respondent.

PETRIE, A.C.J.—Julie Ann Wickert has petitioned this court to issue a writ of mandamus compelling the Washington State Board of Prison Terms and Paroles to grant her credit against her minimum and maximum terms under a felony sentence for the 60 days she spent in Pierce County jail following her subsequent conviction of escape.

The record shows that on February 20, 1973, petitioner was sentenced to 5 years imprisonment after conviction of unlawful possession of controlled substances. On March 8, 1973, she escaped from the Purdy Treatment Center for Women and remained at large for 5 days. She was recaptured and subsequently charged with escape by the Pierce County Prosecutor. Following a guilty plea, she was sentenced to 10 years imprisonment on June 27, 1974, suspended upon condition that she serve 60 days "flat time" in the Pierce County jail. Ms. Wickert served the 60 days and was returned to Purdy on August 27, 1974. Subsequently, the Board of Prison Terms and Paroles informed her that the 60 days jail time served for escape would not be credited against her prior sentence. Accordingly, her date of release was extended 60 days. The petitioner contends the 60 days she served under the escape conviction should be credited against her original 5-year sentence for possession of drugs.

At the outset, it should be noted that the Pierce County Superior Court unquestionably had authority and jurisdiction over the escape charge. Jurisdiction is not divested merely because a defendant is serving a sentence for another conviction. *State v. La Vine*, 68 Wn.2d 83, 411 P.2d 436 (1966). However, the court's discretion regarding sentencing after conviction is limited by statute. RCW 9.92.060[1]

---

[1] RCW 9.92.060 states:

"Whenever any person shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery,

allows a court to suspend its sentence.

RCW 9.92.080[2] sets forth the procedures for imposing sentence when two or more convictions are involved. Accordingly, the sentence imposed is valid, and the only issue is whether or not the court, by enforcing the sentence, can interrupt the petitioner's original sentence.

The petitioner urges that RCW 9.92.080(1) applies in this case, and therefore the trial judge erred by inter-

carnal knowledge of a female child under the age of ten years, or rape, the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension, upon such terms as the court may determine: *Provided*, That as a condition to suspension of sentence, the court may require the convicted person to make such monetary payments, on such terms as the court deems appropriate under the circumstances, as are necessary (1) to comply with any order of the court for the payment of family support, (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question, and (3) to pay any fine imposed and not suspended and the court or other costs incurred in the prosecution of the case, including reimbursement of the state for costs of extradition if return to this state by extradition was required. In no case shall a sentence be suspended under the provisions of this section unless the person if sentenced to confinement in a penal institution be placed under the charge of a parole officer, who is a duly appointed and acting officer of the institution to which the person is sentenced: *Provided*, That persons convicted in justice court may be placed under supervision of a probation officer employed for that purpose by the board of county commissioners of the county wherein the court is located."

[2]RCW 9.92.080 states:

"From and after August 9, 1971:

"(1) Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: *Provided*, That any person granted probation pursuant to the provisions of RCW 9.95.210 and/or 9.92.060 shall not be considered to be under sentence of a felony for the purposes of this subsection.

"(2) Whenever a person is convicted of two or more offenses which arise from a single act or omission, the sentences imposed therefor shall run concurrently, unless the court, in pronouncing sentence, expressly orders the service of said sentences to be consecutive.

"(3) In all other cases, whenever a person is convicted of two or more offenses arising from separate and distinct acts or omissions, and not otherwise governed by the provisions of subsections (1) and

rupting the prior 5-year sentence and imposing 60 days jail time for the escape. Clearly, had the trial judge sentenced the petitioner to 10 years for the escape with no suspension for jail time, subsection (1) would apply and the second sentence would not begin to run until the expiration of the prior term. However, this was not done here. The second sentence was suspended in accordance with the discretion conferred upon the superior court pursuant to RCW 9.92.060, the suspended sentence act. Petitioner's argument that subsection (1) applies overlooks the expression of legislative intent that subsection (1) of the statute only applies to a person "sentenced to *another term of imprisonment,* . . ." (Italics ours.) The phrase "term of imprisonment" as used in this provision has been construed to mean the duration of confinement in a state institution as set by the parole board. *St. Peter v. Rhay,* 56 Wn.2d 297, 299, 352 P.2d 806 (1960). The phrase is not referable to time served in a county jail as a condition of the suspension of a felony sentence. Therefore, the more general provisions of subsection (3) of RCW 9.92.080 should be applied to the fact situation in the case at bench.

■ Subsection (3) evinces a legislative preference for consecutive sentences much to the same effect as subsection (1), except that no reference is made in subsection (3) to the *order* in which consecutive sentences must run. In other words, it is not expressly mandated under subsection (3), as it is under subsection (1), that the second sentence not begin until the expiration of a prior term. A court may, therefore, interrupt a prior sentence and give priority to county jail time imposed as a condition to the suspension of a subsequent felony sentence. It would be absurd to require

(2) of this section, the sentences imposed therefor shall run consecutively, unless the court, in pronouncing the second or other subsequent sentences, expressly orders concurrent service thereof.

"(4) The sentencing court may require the secretary of the department of social and health services, or his designee, to provide information to the court concerning the existence of all prior judgments against the defendant, the terms of imprisonment imposed, and the status thereof." ˎ

the petitioner to complete her term of imprisonment on the first crime and then send her to the county jail to serve 60 days for an escape which occurred years previously. Such a procedure would be detrimental to the rehabilitation programs of the correctional institutions and contrary to the intent of the legislature as stated in each section of RCW 9.92.080.

The petitioner seeks some comfort from the language used in the last sentence of RCW 9.95.060.[3] She contends that the statute specifies period of time and nature of events which permit interruption of the running of her sentence, and then specifies that in all other cases interruption is prohibited. We do not so view the statute. RCW 9.95.060 is simply not applicable to the fact pattern herein. It does not purport to, nor does it in fact, deprive an otherwise competent court from imposing and *enforcing* a valid sentence upon conviction of a crime committed within the jurisdiction of that court.

We hold that the time served in a county jail, pursuant to a condition of granting a suspended sentence for escape, should not be credited to petitioner's original felony sentence.

Petition for mandamus denied.

PEARSON, J., and JOHNSON, J. Pro Tem., concur.

Petition for rehearing denied August 26, 1975.

---

[3] RCW 9.95.060 states:

"When a convicted person appeals from his conviction and is at liberty on bond pending the determination of the appeal by the supreme court or the court of appeals, credit on his sentence will begin from the date such convicted person is returned to custody. The date of return to custody shall be certified to the department of institutions, the Washington state board of prison terms and paroles, and the prosecuting attorney of the county in which such convicted person was convicted and sentenced, by the sheriff of such county. If such convicted person does not appeal from his conviction, but is at liberty for a period of time subsequent to the signing of the judgment and sentence, or becomes a fugitive, credit on his sentence will begin from the date such convicted person is returned to custody. The date of return to custody shall be certified as provided in this section. *In all other cases, credit on a sentence will begin from the date the judgment and sentence is signed by the court.*" (Italics ours.)