In the Matter of the Grievance Of
Charles O'NEILL Appellee,

v.

SOUTH DAKOTA BOARD OF CHARI-
TIES AND CORRECTIONS, Appellant.

Nos. 14950, 14951.

Supreme Court of South Dakota.

Argued Oct. 23, 1985.

Decided Dec. 4, 1985.

Rehearing Denied Jan. 2, 1986.

N. Dean Nasser, Jr., of N. Dean Nasser,
Jr., P.C., Sioux Falls, for appellee.

Dennis Maloney of Maloney, Kolker,
Fritz, Hogan & Johnson, Aberdeen, for ap-
pellant.

WUEST, Acting Justice.

The Board of Charities and Corrections
(Board) appeals the circuit court reversal of
a Career Service Commission (Commission)
order denying a grievance of Charles
O'Neill (O'Neill) against the South Dakota
State Penitentiary (penitentiary). We re-
verse and remand for a new hearing before
the Career Service Commission.

This case is on appeal for the second
time. In the first appeal, *Grievance of
O'Neill*, 347 N.W.2d 887 (S.D.1984)
(*O'Neill I*), we held that Commission erro-
neously invoked SDCL 23-3-35(3) in arriv-
ing at its decision upholding the dismissal
of O'Neill as a guard at the penitentiary.
We held the applicable ground for dismis-
sal was SDCL ch. 3-6A and its promul-
gated regulations (A.R.S.D. 55:01:12:05).
We directed a new hearing before Commis-
sion to determine if the discharge was "for
good cause," which has been defined pursu-
ant to Commission's rule-making power in
A.R.S.D. 55:01:12:05.

Upon remand, Commission decided the
grievance from the previous record over
the objections of O'Neill. There was a
change of one commissioner from the first
hearing. The new commissioner studied a
transcript before voting.

Upon rehearing, Commission found just
cause for O'Neill's termination, as defined
in A.R.S.D. 55:01:12:05(5) and/or A.R.S.D.
55:01:12:05(7), which provide:

(5) The employee has violated any de-
partment, division, bureau or institu-
tion regulation or order or failed to
obey any proper direction made and
given by a supervisor;

. . . .

(7) The employee has been guilty of in-
subordination to his supervisor or un-
duly disrupts the efficiency and mo-
rale of the department[.]

From this decision, O'Neill appealed to the
circuit court, which held:

(1) Under our decision in O'Neill I the penitentiary failed in its burden of proof to show "just cause" within the meaning of ARSD 55:01:12:05.

(2) A new hearing was held as directed by this court.

Now, Board appeals from the trial court's decision reversing Commission's decision terminating O'Neill and O'Neill has filed a notice of review of the trial court's decision on a "new hearing."

In its memorandum opinion incorporated in the findings of fact and conclusions of law, the trial court stated:

> The Career Service Commission has held a "new hearing" as required by the Supreme Court's mandate, and has now applied proper standards of burden of proof, due process, and of "just cause." The incidents which are the basis of the finding of cause for termination, however, are the same incidents previously considered by the Commission. The Supreme Court's decision in *O'Neill*, 347 N.W.2d 887 [(S.D.1984)] teaches that those incidents are not sufficient to justify the termination of O'Neill's employment under the applicable administrative rules.

The trial court misconstrued our decision in *O'Neill I*, wherein we held:

> We do not read the listed causes as all being related only to work conduct. The third enumerated cause concerns violation of any of the provisions of the Career Service Act or the accompanying administrative regulations. Such provisions theoretically can prohibit activities which may have no direct nexus with work. The fifth enumerated cause likewise permits disciplinary action for violation of any department, division, bureau or institution regulation or order or for failure to obey any proper direction made and given by a supervisor. Such regulations or directives might be broad enough to address off-duty conduct. We therefore conclude as a matter of law that the "other just causes" provision of A.R.S.D. 55:01:12:05 can potentially involve off-duty conduct. We do not spec-

ulate what, if any, just causes might be found on remand.

347 N.W.2d at 889.

It is apparent we remanded this case back to Commission for a new hearing to determine if the incidents constituted good cause as defined by the administrative rules. We never held those incidents were not sufficient to justify O'Neill's termination. We refused to speculate what, if any, just causes might be found on remand.

O'Neill claims he did not get a new hearing as mandated by this court. We agree. The wisdom of our decision in directing a new hearing is not an issue in this case. However, a change of personnel on a Commission may occur, and the new Commission in the absence of a hearing examiner should have an opportunity to observe the demeanor of the witnesses to judge the credibility. In addition, parties may be compelled to change their trial priorities when the legal issues are different in a second hearing.

The issue is whether a new hearing was held. The hearing required in this case is controlled by the provisions of SDCL 1–26–19, SDCL 3–6A–38, and A.R.S.D. 55:01:13:06. The procedure is provided in SDCL 1–26–18, which states:

> Opportunity shall be afforded all parties to respond and present evidence on issues of fact and argument on issues of law or policy. A party to a contested case proceeding may appear in person or by counsel, or both, may be present during the giving of all evidence, may have reasonable opportunity to inspect all documentary evidence, may examine and cross-examine witnesses, may present evidence in support of his interest, and may have subpoenas issued to compel attendance of witnesses and production of evidence in his behalf.

A "new hearing" has not been defined by this court, although we have previously directed one. *Application of Union Carbide Corp.*, 308 N.W.2d 753 (S.D.1981). In *Union Carbide*, we further held a "contested case" is synonymous with "adjudica-

tion." We now hold that a "new hearing" is synonymous to a new trial, except a hearing is before the Commission. Practically every definition of a "new trial" is a reexamination of an issue of fact by the same court. It is generally a retrial of the issue by another jury, but they may be tried again by the court or referee as on the first trial. A "new trial" is a reexamination of an issue of fact. A "new trial" is a trial anew, with as little prejudice to either party as if the cause had never been heard before. *See* Words and Phrases, "New Trial," and Black's Law Dictionary, Revised Fourth Edition, West Publishing Company, Copyright 1968, pp. 1675–6. We conclude a "new hearing" is a hearing anew, with as little prejudice to either party as if the cause had never been heard before.

Other errors have been asserted on appeal; however, they were not decided by the trial court, therefore, we decline to rule upon them.

We reverse and remand for a new hearing before the Career Service Commission.

FOSHEIM, C.J., and MORGAN and HENDERSON, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.