687 A.2d 340

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. MICHAEL ROYAL WILDMAN, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 20, 1996—Decided January 23, 1997.

Before Judges LONG, SKILLMAN and CUFF.

*Susan L. Reisner,* Public Defender, attorney for appellant (*Virginia C. Saunders,* Assistant Deputy Public Defender, of counsel and on the brief).

*John Kaye,* Monmouth County Prosecutor, attorney for respondent (*Paul J. Feldman,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

CUFF, J.A.D.

The sole issue in this appeal is whether a sentencing judge may impose restitution for the purpose of recovery of the costs of transporting the defendant from California to New Jersey. We hold that recovery of transportation costs under the guise of restitution is not authorized.

On August 23, 1994, defendant Michael Wildman pled guilty to a single count of theft by deception contrary to *N.J.S.A.* 2C:20-4, a third degree crime. In exchange for the plea, two counts of the indictment and numerous disorderly persons complaints were dismissed. As part of the plea agreement, the State recommended a maximum term of five years, agreed not to seek an extended term or a period of parole ineligibility, and requested a maximum amount of $4,143 in restitution. The State sought a consecutive term to a period of imprisonment defendant was serving in California; defendant sought a concurrent term to be served in New Jersey.

Prior to sentencing, the plea agreement was amended. Defendant pled guilty to an additional indictable offense and other disorderly persons complaints. $3,016.41 was added to the restitution portion of the agreement; $1,016.41 to the victims and $2,000 to the County Treasurer for travel expenses to bring defendant to this state.

On September 30, 1994, defendant was sentenced to a five-year term of imprisonment consecutive to his California sentence. A $50 VCCB penalty was imposed and restitution in the amount of $6,831.25 was ordered. $4,831.25 is payable to the victims; $2,000 is payable to Monmouth County for costs incurred in defendant's extradition.

Defendant appealed this sentence and his appeal was scheduled for an excessive sentence calendar. A panel of this court affirmed his sentence in all respects, except for the portion of the restitution which requires payment of the extradition costs. This court ordered this issue referred to a plenary calendar and ordered both parties to brief the issue.

A sentencing court may impose only those sentences authorized by statute. *N.J.S.A.* 2C:43–2a. Restitution in conjunction with a probationary or custodial term is an authorized sentence. *N.J.S.A.* 2C:43–2b(4).

*N.J.S.A.* 2C:43–3 directs that restitution may be ordered when the defendant has secured a gain through his criminal conduct and a victim has suffered a loss. *N.J.S.A.* 2C:43–3e. This section also defines "victim" as "a person who suffers a personal physical or psychological injury or death or incurs loss of or injury to personal or real property as a result of a crime committed against that person, or in the case of a homicide, the nearest relative of the victim." *N.J.S.A.* 2C:44–2b directs that a sentencing judge shall impose an order of restitution, if the victim has sustained a loss and the defendant is able to pay or will be able to pay restitution. By its terms, recovery of costs of prosecution does not fall within the statutory definitions of victim or the ordinary meaning of loss.

In *State v. Newman*, 132 *N.J.* 159, 623 *A.*2d 1355 (1993), the Court held that a county prosecutor could not recover drug-buy money under the guise of restitution. The Court noted that such a recovery was not consonant with the restorative and rehabilitative tradition of restitution. *Id.* at 173, 623 *A.*2d 1355. Moreover, the Court held that the governing statutes, the same as implicated in this case, do not authorize recovery of the costs associated with an investigation and prosecution. The Court noted that in 1987 the Legislature authorized the State to be a recipient of restitution. *N.J.S.A.* 2C:43-3. However, in the context of drug-buy money, the County Prosecutor was not a victim who suffered a loss. Thus, the Court held that restitution cannot be imposed to recover drug-buy money, absent an amendment to the statute. *Id.* at 175–76, 623 *A.*2d 1355.[1]

Here, the County Prosecutor also does not qualify as a victim who has sustained a loss. The County Prosecutor has simply expended funds to return defendant to New Jersey to answer to numerous pending charges. Thus, the County Prosecutor has not involuntarily suffered a loss, as that term is generally understood, and he is certainly not a victim of defendant's criminal activity. *Id.* at 177, 623 *A.*2d 1355.

The County Prosecutor concedes that he does not qualify as a victim and cannot be the recipient of restitution. He argues, however, that the reimbursement sought in this case is in the nature of a civil penalty authorized by *N.J.S.A.* 2C:43-2. Specifically, the County Prosecutor argues that the recovery of extradition costs "is [in] the nature of a civil penalty authorized by the provisions of *N.J.S.A.* 2C:43-2, which authorizes the Court at sentencing to 'decree a forfeiture of property, suspend or cancel a license, remove a person from office, or impose any other civil penalty. Such judgment or order may be included in the sen-

---

[1] We note that legislation to amend *N.J.S.A.* 2C:43-2 to allow restitution for extradition costs has been introduced. S1254 has been referred to the Senate Judiciary Committee and no other action has been taken on it.

tence.'" He further contends that the sentencing judge did not denominate that the $2,000 payable to the County Treasurer was restitution. Our independent review of the record does not confirm the latter contention. Moreover, we are satisfied that the Prosecutor's interpretation of *N.J.S.A.* 2C:43–2 as an independent grant of authority is misplaced. Read in context, *N.J.S.A.* 2C:43–2 simply underscores that independent statutory consequences of criminal behavior are not negated by the Code provisions authorizing sentencing alternatives.

Other than the language referenced in *N.J.S.A.* 2C:43–2, the Prosecutor points to no authority to allow recovery of extradition costs. Our independent research also has found no such authority. Indeed, the only reference to the costs associated with extradition appears at *N.J.S.A.* 2A:160–2 through –4 which sets forth the procedure for a prosecutor to apply to the county treasurer to advance necessary funds.

Accordingly, the portion of the sentence requiring restitution of $2,000 for extradition costs is reversed.