2000 SD 17

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Joel SPRECHER, d/b/a Future Chops, Inc., Defendant and Appellee.**

No. 21003.

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1999.

Decided Feb. 2, 2000.

Michael R. Moore, Beadle County State's Attorney, Huron, for plaintiff and appellant.

Dedrich R. Koch of Heidepriem, Widmayer, Zell & Koch, Miller, for defendant and appellee.

AMUNDSON, Justice.

[¶ 1.] State appeals from an order denying Beadle County restitution as a victim of a crime. We affirm.

FACTS AND PROCEDURE

[¶ 2.] In 1978, Joel Sprecher began operating a hog confinement operation in Beadle County. The operation consisted of three hog buildings, an office, and a sewage lagoon and covered ten acres of land. In 1980, Sprecher incorporated the operation. Thirteen years later, the corporation was administratively dissolved and Sprecher ceased to maintain the buildings and lagoon. The buildings fell into disrepair, creating a public nuisance. Beadle County notified Sprecher in May 1996 that he was in violation of county ordinance and had fifteen days to abate the nuisance. A Huron city building safety inspector inspected the property in July 1996 and found the hog confinement building completely deteriorated, with insulation and debris blowing across Sprecher's and his neighbors' properties, and found the sewage lagoon unfenced and unsupervised.

[¶ 3.] On October 6, 1997, Beadle County State's Attorney filed a complaint against Sprecher for maintaining a public nuisance in violation of SDCL 21–10–1(1) and 22–36–1. Sprecher failed to appear. An amended complaint was filed in May 1998 complaining against Sprecher, d/b/a/ Future Chops, Inc.

[¶ 4.] Meanwhile, in November 1997, Beadle County again notified Sprecher the area was a public nuisance that needed to be abated. Sprecher responded he would clean the area "starting in the Spring of 1998 month of April and hope[d] to have it taken care of by August 1, 1998." Beadle County claimed that Sprecher picked up some debris that spring but otherwise made no progress to abate the nuisance. Beadle County subsequently abated the nuisance during March and April 1998 at a cost to the County of $11,045.93.

[¶ 5.] Trial was held in August 1998 and the trial court found Sprecher guilty of maintaining a public nuisance. He was fined $200.00 plus costs and ordered to pay victim restitution to Beadle County in the amount of $11,045.93. Sprecher subsequently filed a motion for reconsideration. The court granted the motion and entered an order denying restitution to Beadle County, holding that County was not a victim as defined by SDCL 22–1–2(53). A motion for reconsideration.filed by County was denied. State appeals from the order denying County victim restitution.

## ANALYSIS AND DECISION

[¶ 6.] Sprecher was convicted of creating and maintaining a public nuisance on his property in Beadle County. Public nuisance is defined as one that:

affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal. Every other nuisance is private.

SDCL 21–10–3. SDCL 22–36–1 makes maintenance of a public nuisance a criminal act. The only issue involved in this appeal is whether Beadle County may collect restitution as a "victim" under state statutes for its costs incurred in abating the nuisance.

[¶ 7.] SDCL 22–1–2(53) defines victim as "any natural person against whom the defendant in a criminal prosecution has committed or attempted to commit a crime[.]" SDCL 22–1–2(31) defines person as

a natural person, unborn child, association, limited liability company, corporation, firm, organization, partnership or society. *If the term is used to designate a party whose property may be the subject of a crime or petty offense, it also includes ... this state, and any other state or territory of the United States, and any of their political subdivisions, agencies, or corporations[.]*

(emphasis added). By plain language of this statute, County, a political subdivision of the State of South Dakota, does not fit the definition of victim in this set of circumstances because it did not own the property that was the subject of a crime – Sprecher did.

[¶ 8.] Moreover, SDCL 23A–28–2(5) provides a victim is any person, as defined by SDCL 22–1–2(31), who has suffered pecuniary loss resulting from the defendant's criminal activities, including any person who has by contract or statute undertaken to indemnify another or provide a specified payment or benefit upon determinable contingencies. There is no evidence in the record that Sprecher's maintaining the public nuisance, the criminal activity at issue here, caused County's pecuniary loss. Any pecuniary loss suffered by County resulted from its affirmative action in initiating the clean-up and abating the nuisance. As efficient as it may have been for County to step in and abate the nuisance, it cannot by its own actions place itself in the status of victim for purposes of the restitution statutes and thereby recoup its costs. *Cf. State v. Garnett*, 488 N.W.2d 695, 698–99 (S.D.1992) (order requiring criminal burglary defendant to pay restitution to county for overtime paid to police officers called out to apprehend defendant and his companions was remanded and trial court directed to strike that provision from its judgment as defendant did not commit any crime in which the county was the victim, citing SDCL 23A–28–2(5)). Also, there is no evidence that, by statute or contract, County has undertaken to indemnify its citizens for any damage inflicted upon them by the public nuisance.

[¶ 9.] To determine the issue in this appeal, we need not answer the question of whether a county *can* be a victim under the statutes and under a different set of circumstances. *See* SDCL 22–1–2(31) and (53). Under the factual scenario presented in this case, it is not. This does not foreclose County's seeking other remedies to recover the cost of the abatement. *See* SDCL 21–10–5, –6, –9.

[¶ 10.] We affirm.

[¶ 11.] SABERS, KONENKAMP and GILBERTSON, Justices, concur.

[¶ 12.] MILLER, Chief Justice, concurs specially.

MILLER, Chief Justice (concurring specially).

[¶ 13.] I agree with the trial court and the majority that the county cannot be considered a "victim" under SDCL ch. 23A–28. I write specially to point out that a remedy did exist to attempt to obtain some reimbursement to Beadle County for the funds it expended in remedying this terrible nuisance on behalf of its citizens. Specifically, the trial judge had an opportunity to make payment of restitution a condition of a suspended sentence.

[¶ 14.] Defendant was convicted of a Class 2 misdemeanor (SDCL 21–10–1(1) and 22–36–1) carrying a maximum sentence of 30 days in jail and a $200 fine. The judge imposed the maximum fine, but no jail sentence. (In fact, the record contains a letter from the Beadle County States Attorney stating that jail time was not being requested, but asking that "jail time be suspended on the condition that the Defendant make restitution in the amount stated above." Attached to the letter was an itemized statement documenting that the amount was reasonable and not excessive.) Had he been so disposed, the judge could have imposed a jail sentence and suspended it (and some or all of the fine) on the condition that defendant make restitution to the county. *See* SDCL 23A–27–13 and 18; *White Eagle v. State*, 280 N.W.2d 659 (S.D.1979); *State v. Long*, 85 S.D. 431, 185 N.W.2d 472 (1971); *Hafner v. Leapley*, 520 N.W.2d 252 (S.D.1994); *State v. Ripperger*, 284 N.W.2d 877 (S.D. 1979); *State v. Pettis*, 333 N.W.2d 717 (S.D.1983); and *State v. Gillespie*, 445 N.W.2d 661 (S.D.1989).

[¶ 15.] I must be clear that I am not being critical of the trial judge. The facts presented to him, coupled with the knowledge that the offense was merely a Class 2 misdemeanor, may have influenced the outcome. I write merely to reiterate that there are alternatives available to obtain payment of restitution for those who do not come within the specific definition of "victim" established by the legislature.