2001 SD 50

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Richard RYYTH, Defendant and Appellant.**

No. 21537.

Supreme Court of South Dakota.

Considered on Briefs Feb. 13, 2001.

Decided April 18, 2001.

Mark Barnett, Attorney General, John M. Strohman, Assistant Attorney General, Pierre, SD, Attorneys for plaintiff and appellee.

Gustav K. Johnson, Rapid City, SD, Attorney for defendant and appellant.

GILBERTSON, Justice

[¶ 1.] Richard Ryyth appeals from a judgment ordering his payment of extradition costs in the amount of $1,175.00 to Pennington County. Ryyth claims County is not a "victim" under the victim restitution statute, SDCL 23A–28–2(5), and therefore cannot recover these costs from him. We affirm, and hold these costs are recoverable as costs of prosecution pursuant to SDCL 23A–27–26.

FACTS AND PROCEDURE

[¶ 2.] In 1996, Ryyth pled guilty to his fourth DUI offense in Pennington County and was sentenced to thirty months in the state penitentiary, suspended, with driving privileges revoked for one year and five years probation. Within a year of sentencing, he had violated probation and was sentenced to thirty months in the state penitentiary, suspended, with five years probation and other conditions. In November 1999, a second petition to revoke Ryyth's probation was filed, claiming he had been arrested in Mississippi for DUI,

had consumed alcohol, and had refused to submit his body fluids for testing.

[¶ 3.] Ryyth was in custody in a Gulf-port, Mississippi county jail when a warrant issued from Pennington County for his arrest for a parole violation. County contracted with the U.S. Marshals Service to transport Ryyth to Rapid City at a cost of $1,175.00. The county sheriff's office requested restitution from Ryyth in this amount through the Victims' Assistance Program, which investigated the request and forwarded it to the trial court. Ryyth admitted he had violated probation and appeared before the court for sentencing. He received a sentence of thirty months in the state penitentiary, with credit for time served in jail awaiting sentencing, and ordered to pay extradition costs of $1,175.00 and court costs of $50.00.

[¶ 4.] At the sentencing hearing, Ryyth's attorney raised the propriety of Ryyth's paying extradition costs, citing *State v. Garnett*, 488 N.W.2d 695 (S.D. 1992). The State was unable to inform the court whether the requested amount in Ryyth's case included overtime or salary expense. At the close of the hearing, after pronouncing sentence, the court asked Ryyth's attorney to call the Victim's Assistance Program and obtain a breakdown of the requested extradition costs. The court further instructed Ryyth's attorney to appear in court with this information at which time the court would reduce the amount of restitution accordingly and enter an amended judgment based on *Garnett*. Ryyth's attorney did not come forward with any additional information and no further record was made regarding this issue.

[¶ 5.] Ryyth appeals the part of the judgment ordering him to pay extradition costs.

## ANALYSIS AND DECISION

[¶ 6.] **Did the trial court err in ordering Ryyth to pay the cost of extraditing him to South Dakota.**

[¶ 7.] *Garnett* holds that a defendant is not liable for costs attributable to salary expense of the county in bringing him to justice. 488 N.W.2d 695. There, the defendant was found guilty of burglary and ordered to pay restitution in the amount of $1,085.00 to the burglarized businesses for damages and lost business, and restitution in the amount of $2,326.48 to Pennington County for overtime paid to law enforcement involved in the arrest of Garnett and his two companions. *Id.* at 697. We affirmed the order of restitution to the businesses, but reversed the order of restitution to Pennington County for salary expenses, holding that County did not fit the statutory definition of "victim" under SDCL 23A–28–2(5) and that salary expenses were also expressly excluded under SDCL 23A–27–26 from reimbursement as prosecution costs. *Id.* at 698–99.

[¶ 8.] Although given the opportunity to do so, Ryyth provided no information to the trial court that any part of his extradition costs were attributable to salary expenses. He makes no such claim on appeal. The contract for this service between County and the U.S. Marshals Service is part of the settled record and indicates the charged amount of $1,175.00 was for transportation and jail costs. There is no evidence that any part of this cost was due to salary expense.

[¶ 9.] However, both statutes examined in *Garnett* are relevant to the determination of the question in the present appeal. SDCL 23A–28–2(5), the victim restitution statute provides that a "victim" is:

any person, as defined in subdivision 22–1–2(31), *who has suffered pecuniary damages as a result of the defendant's criminal activities*, including any person

who has by contract or by statute undertaken to indemnify another or to pay or provide a specified or determinable amount or benefit upon determinable contingencies. Any victim who has suffered pecuniary damages has priority of claim as opposed to any person who has a claim to indemnity or subrogation as a result of the same defendant's criminal activity.

(emphasis added). SDCL 23A–27–26 provides for payment of prosecution costs:
In all criminal actions, upon conviction of the defendant, the court may adjudge that *the defendant pay the whole or any part of the costs of that particular prosecution* in addition to the liquidated costs provided by § 23–3–52. However, the costs shall not include items of governmental expense such as juror's fees, bailiff's fees, salaries and expenses of special agents, and reporter's per diem. Payment of costs may be enforced as a civil judgment against the defendant.

(emphasis added).

██ [¶ 10.] Ryyth claims County does not fit the statutory definition of victim under the restitution statutes. He is correct. SDCL 22–1–2(53) defines victim as "any natural person against whom the defendant in a criminal prosecution has committed or attempted to commit a crime[.]"[1] In this case, County is not a victim under this definition, except in the indirect sense that the public itself is a victim of any crime committed against the State. This is not the type of "victim" the legislature sought to make whole under the restitution statute ("any person ... who has suffered pecuniary damages as a result of the defendant's criminal activities...." SDCL 23A–28–2(5)). *See State v. Wildman,* 296 N.J.Super. 565, 687 A.2d 340, 341 (1997)

(extradition costs cannot be recovered by county under the guise of restitution as county does not qualify as victim who has sustained a loss); *State v. Schmaling,* 198 Wis.2d 756, 543 N.W.2d 555, 557 (Ct.App. 1995) (restitution to the county cannot be ordered where county was not "actual victim of crimes"); *State v. Maupin,* 166 Ariz. 250, 801 P.2d 485, 488 (Ct.App.1990) ("extending the term 'victim' to include a county seeking reimbursement for extradition costs would strain the commonly accepted meaning of the word 'victim' "). *See also State v. Sprecher,* 2000 SD 17, 606 N.W.2d 138 (holding that there must be a causal connection between the loss and defendant's criminal acts; Sprecher's maintaining a public nuisance on his property did not cause County's pecuniary loss in abating the nuisance where it acted on its own initiative).

██ [¶ 11.] State argues in the alternative that extradition costs are recoverable as costs of prosecution under SDCL 23A–27–26. This question has not previously been raised and requires our de novo interpretation of the statute. *State v. Robinson,* 1999 SD 141, ¶ 9, 602 N.W.2d 730, 732. "We will uphold the judgment of the trial court if it is right for any reason." *In re C.W.,* 1997 SD 57, ¶ 14, 562 N.W.2d 903, 906.

██ [¶ 12.] A sentencing court may impose only those sentences authorized by statute. SDCL 23A–27–26 provides that upon conviction, the defendant may be ordered to pay, in whole or in part, the costs incurred in prosecution. The statute expressly excludes from this definition of costs "items of governmental expense such as juror's fees, bailiff's fees, salaries and expenses of special agents, and reporter's

---

1. Governmental entities are not precluded from this definition of "natural person."

SDCL 22–1–2(31).

per diem." Extradition costs are not among these exclusions, thus, we must determine whether extradition costs are costs incurred in prosecution and therefore recoverable from a defendant.

[¶ 13.] Several jurisdictions, under statutes awarding costs of "investigation or prosecution," have held that costs of prosecution include extradition costs. *Maupin,* 801 P.2d at 487; *State v. Balsam,* 130 Ariz. 452, 636 P.2d 1234, 1235 (Ct.App.1981) (sum expended to send a deputy sheriff to Ohio, where defendant was arrested, and bring him back to Arizona for prosecution was a prosecution cost); *Skillman v. State,* 696 So.2d 1341, 1342 (Fla.Dist.Ct.App. 1997); *People v. Lemons,* 824 P.2d 56 (Colo.Ct.App.1991) (extradition cost to bring defendant to answer charges was a cost of prosecution and improperly designated as restitution to the police department which did not fall into "victim" category); *Comm'wlth v. Coder,* 490 Pa. 194, 415 A.2d 406, 409 (1980) (statute providing for recoupment from defendant of prosecution costs interpreted as encompassing cost of extradition); *Ex parte Williams,* 71 S.D. 95, 21 N.W.2d 593, 593 (1946) (where defendant was charged in Nebraska, arrested in South Dakota and extradited to Nebraska, noting the Nebraska court required him to "pay the costs of the criminal prosecution including the costs of the first extradition."). *Cf. State v. Lewis,* 167 Vt. 533, 711 A.2d 669, 673 (1998) (cost of extraditing a defendant after he escaped from custody and fled the jurisdiction were not costs of prosecution, and were properly chargeable to him as restitution owed to the Department of Corrections, the victim of his crime of escape).

[¶ 14.] Other states expressly provide by statute for payment by defendant of extradition costs as a cost of prosecution. *People v. Johnson,* 175 Ill.App.3d 908, 125 Ill.Dec. 469, 530 N.E.2d 627, 634–35 (1988) (citing IllRevStat ch 38, ¶ 180–3 and discussing amendment by legislature to supersede earlier court decision that interpreted statute to preclude recovery of extradition costs as prosecution costs) *State v. Garrett,* 14 Kan.App.2d 8, 780 P.2d 168, 169 (1989) (citing KanStatAnn § 22–2724); *State v. Lopez–Solis,* 589 N.W.2d 290, 292 (Minn.1999) (citing MinnStat § 631.48); *Wickert v. Wash. State Bd. of Prison Terms & Paroles,* 13 Wash.App. 917, 538 P.2d 826, 828 n. 1 (1975) (citing WashRevCode § 9.92.060); *State v. Perry,* 215 Wis.2d 696, 573 N.W.2d 876, 882 (Ct.App.1997) (citing WisStat § 973.06(1)(a)).

[¶ 15.] The majority of jurisdictions having considered the question presently before this Court hold that the definition of prosecution costs includes extradition costs. Their logic is sound and persuasive. Certainly, monies expended to return a defendant to this state for prosecution are recoverable from the defendant as prosecution costs under SDCL 23A–27–26.

[¶ 16.] Affirmed.

[¶ 17.] MILLER, Chief Justice, and AMUNDSON and KONENKAMP, Justices, concur.

[¶ 18.] SABERS, Justice, dissents.

SABERS, Justice (dissenting).

[¶ 19.] Ryyth was ordered to pay extradition costs in the amount of $1,175.00 to Pennington County. The majority opinion correctly determines that the County cannot recover these costs under the victim restitution statute. *See State v. Sprecher,* 2000 SD 17, 606 N.W.2d 138 (stating a county is not a proper party to recover under the victim restitution statute).

[¶ 20.] However, the majority opinion attempts to justify these extradition costs as costs of prosecution under SDCL 23A–27–26:

In all criminal actions, upon conviction of the defendant, the court may adjudge that the defendant pay the whole or any part of the costs of that particular prosecution in addition to the liquidated costs provided by SDCL 23-3-52. *However, the costs shall not include items of governmental expense such as juror's fees, bailiff's fees, salaries and expenses of special agents,* and reporter's per diem. Payment of costs may be enforced as a civil judgment against the defendant.

(emphasis added). Obviously, the costs at issue are statutorily excluded as governmental expense.

[¶ 21.] Although some states have interpreted general costs of prosecution statutes to include extradition costs, *see State v. Maupin,* 166 Ariz. 250, 801 P.2d 485, 487 (App.1990) (allowing costs of extradition to be imposed), these costs are inappropriate under our definition for costs of prosecution. SDCL 23A-27-26 generally excludes governmental expense and specifically excludes salaries and expenses of special agents. In other words, these expenses for extradition are prohibited generally as governmental expense and specifically as salary and expenses of special agents.

[¶ 22.] The majority's construction scheme is completely against the long established principle of ejusdem generis. *See O'Neill v. South Dakota Bd. of Charities and Corrections,* 377 N.W.2d 587 (S.D. 1985) (stating the "ejusdem generis principle holds that where general words follow ... the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general kind as those enumerated"). If properly construed, plain meaning can not be any plainer.

[¶ 23.] SDCL 59-1-2 provides that a special agent is "[a]n agent for a particular act or transaction." Pennington County hired the United States Marshall service

to return Ryyth to South Dakota. This created a special agency relationship. The expenses associated with this employment is specifically and statutorily excluded from consideration as costs of prosecution. The legislative pronouncement is clear and unambiguous. Plain meaning could not be plainer.

[¶ 24.] The better approach is demonstrated by Illinois Courts. In *People v. Johnson,* the Illinois appellate court determined that a general cost statute is not specific enough to include costs of extradition. 175 Ill.App.3d 908, 125 Ill.Dec. 469, 530 N.E.2d 627, 634 (1988). *See also State v. Wildman,* 296 N.J.Super. 565, 687 A.2d 340, 342 (1997) (refusing to allow such costs without specific statutory support). In so deciding, it noted that "statutory provisions allowing the recovery of costs must be strictly construed." *Id.* As such, extradition costs could not be imposed in the absence of a specific grant of authority.

[¶ 25.] Only after the *Johnson* holding did the Illinois Legislature modify the costs of prosecution statute to include costs of extradition. *Id.* Our legislature must do the same, if it is so inclined. Our costs of prosecution statute supports the same interpretation as *Johnson. Id.* SDCL 23A-27-26 identifies examples of governmental expense which are excluded as costs of prosecution. It is not an all-inclusive list of costs which can not to be taxed to a defendant. These excluded costs relate to incidental costs of prosecution, such as juror and bailiff fees and salaries and expenses of special agents. Extradition costs are also incidental to the prosecution and derived entirely in this case from the employment of special agents to return Ryyth to South Dakota.

[¶ 26.] "The allowance and recovery of costs rests entirely upon statutory provisions which must be strictly construed." *People v. Bratcher,* 149 Ill.App.3d 425, 102

Ill.Dec. 853, 500 N.E.2d 954, 958 (1986). The Illinois court found that extradition costs were not costs of prosecution. *Id.* 102 Ill.Dec. 853, 500 N.E.2d at 960. In so reasoning, the court found that the imposition of such costs could be boundless unless specificity is provided, hypothesizing that these costs of prosecution could include meals and medical care. The court refused to extend the scope of the statute for costs without specific legislative guidance. We should do the same and construe this statute in accordance with South Dakota law. If the legislature wishes to add extradition costs as costs of prosecution they must do so with specificity. The trial court and the majority opinion should not do it for them.

[¶ 27.] Additionally, the trial court and majority opinion improperly place the burden on Ryyth to demonstrate which costs were for salary (prohibited from recovery by *Garnett,* 488 N.W.2d 695) and those that were for transportation of the defendant. Because the prosecution is the party asserting that the assignment of costs was appropriate, "the burden of justifying the costs by the preponderance of evidence is on the plaintiff, the [State] here." *Commonwealth v. Coder,* 490 Pa. 194, 415 A.2d 406, 410 (1980). As such, the State must establish the costs "sufficiently specific to meet [its] burden of proof." *Id.* It has not.[2]

[¶ 28.] We should simply reverse these improper costs of $1,175.00.

---

**2.** I invite the reader to compare the inconsistent statutory construction scheme of the majority in this case and in *State v. Olson–Lame,* 2001 SD 51, 624 N.W.2d 833, with that of *Maryott v. First National Bank of Eden,* 2001 SD 43, 624 N.W.2d 96.