2001 SD 51

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Marjorie OLSON–LAME, Defendant and Appellant.**

**No. 21646.**

Supreme Court of South Dakota.

Considered on Briefs March 19, 2001.

Decided April 18, 2001.

Mark Barnett, Attorney General, Grant Gormley, Assistant Attorney General Pierre, for plaintiff and appellee.

Nora K. Kelley, Rapid City, for defendant and appellant.

## GILBERTSON, Justice

[¶ 1.] Marjorie Olson–Lame appeals the restitution provision of a judgment and sentence requiring her to reimburse Pennington County for extradition costs. We affirm.

## FACTS

[¶ 2.] Olson–Lame was arrested on October 19, 1998 in Sioux Falls for numerous charges including possession of a motor vehicle that was stolen in Pennington County. Olson–Lame fled the state after her arrest and remained a fugitive until March 2000 when she was arrested in Raleigh, North Carolina. Olson–Lame refused to waive extradition to South Dakota and, pursuant to an agreement with Pennington County, the United State's Marshals' Service served her with a South Dakota Governor's Warrant on May 12, 2000. The Service also transported Olson–Lame back to Pennington County and charged the county $1,175 for its services.

[¶ 3.] Olson–Lame and the Pennington County State's Attorney eventually reached a plea bargain concerning the Pennington County charges and, during arraignment, her counsel explained the bargain as follows:

Basically, that with the waiver of the preliminary hearing, Miss Lame will be pleading guilty to the possession charge, the possession of a stolen motor vehicle charge. In addition, she'd be responsible for *all costs of prosecution* and any restitution ordered by the Court. In exchange for that, the State would be dismissing two counts of grand theft and agree not to file a part two habitual information; and at the time of the sentencing the State would recommend a cap of three years in the South Dakota State Penitentiary. (emphasis added).

[¶ 4.] Olson–Lame agreed this was her understanding of the plea agreement and went forward to plead guilty to the charge outlined in the plea bargain. The trial court later sentenced Olson–Lame to three years in the penitentiary with credit for time served plus court costs of twenty-two dollars, the crime victim's surcharge of two dollars and fifty cents, the court automation surcharge of twenty-five dollars and fifty cents, attorney's fees of $375 and reimbursement to Pennington County of $1,175 for extradition costs. Olson–Lame appeals.

## ISSUE

[¶ 5.] **Did the trial court err in ordering Olson–Lame to pay extradition costs as restitution to Pennington County?**

[¶ 6.] Citing several prior decisions of this Court, Olson–Lame argues that the trial court erred in ordering her to pay extradition costs as restitution to Pennington County because the county was not a "victim" of her crime that was statutorily entitled to restitution. Olson–Lame failed to object to the reimbursement award before the trial court and explicitly agreed to the terms of the plea bargain requiring her to pay all costs of the prosecution and any restitution ordered. Generally, this Court will not address issues raised for the first time on appeal and not presented to the trial court. *See State v. Henjum*, 1996 SD 7, ¶ 13, 542 N.W.2d 760, 763.

[¶ 7.] To the extent that Olson–Lame's argument may be jurisdictional,[1] we do agree with her contention that it was improper for the trial court to award extradition costs as restitution to Pennington County. SDCL 23A–28–1 provides that it is the policy of the State that restitution be made to the "victims" of criminal activities. As set forth in *State v. Ryyth*, 2001 SD 50, ¶ 10, —— N.W.2d ——, ——, 2001 WL 392660, another case where a county was awarded the costs of extradition as part of a criminal sentence:

> SDCL 22–1–2(53) defines victim as "any natural person against whom the defendant in a criminal prosecution has committed or attempted to commit a crime[.]" In this case, County is not a victim under this definition, except in the indirect sense that the public itself is a victim of any crime committed against the State. This is not the type of "victim" the legislature sought to make whole under the restitution statute ("any person ... who has suffered pecuniary loss resulting from the defendant's criminal activities ..." SDCL 23A–28–2(5)). (footnote omitted).

*See also State v. No Neck*, 458 N.W.2d 364, 365 (S.D.1990) (trial judge had no authority to require defendant to pay restitution to county as victim for jurors' fees and mileage incurred in prosecution of case); *State v. Garnett*, 488 N.W.2d 695, 698 (S.D. 1992) (trial court erred in ordering defendant to make restitution to county for overtime paid to officers who apprehended defendant because county was not a victim entitled to restitution); *State v. Sprecher*, 2000 SD 17, 606 N.W.2d 138, 139 (trial court appropriately denied county restitution for costs of abating a public nuisance because county was not a victim entitled to restitution).

[¶ 8.] Notwithstanding the foregoing conclusion, we hold that the trial court's award of extradition costs to Pennington County was appropriate as an award of costs of the prosecution under SDCL 23A–27–26:[2]

> In all criminal actions, upon conviction of the defendant, the court may adjudge that the defendant pay the whole or any part of the costs of that particular prosecution in addition to the liquidated costs provided by § 23–3–52. However, the costs shall not include items of governmental expense such as juror's fees, bailiff's fees, salaries and expenses of special agents, and reporter's per diem. Payment of costs may be enforced as a civil judgment against the defendant.

As explained in *Ryyth*, 2001 SD 50 at ¶ 15, —— N.W.2d at ——, 2001 WL 392660:

> The majority of jurisdictions having considered the question presently before this Court hold that the definition of prosecution costs includes extradition costs. Their logic is sound and persuasive. Certainly, monies expended to return a defendant to this state for prosecution are recoverable from the defendant as prosecution costs under SDCL 23A–27–26.

[¶ 9.] Based upon the foregoing, we find no err in the award of extradition costs to Pennington County as part of Olson–Lame's sentence.

[¶ 10.] Affirmed.

[¶ 11.] MILLER, Chief Justice, and AMUNDSON and KONENKAMP, Justices, concur.

[¶ 12.] SABERS. Justice, concurs in result.

---

1. Jurisdiction includes the power of a court to set a penalty and cannot be conferred by agreement, consent or waiver. *See State v. Haase*, 446 N.W.2d 62, 64 (S.D.1989). Jurisdiction may be raised at any time and even for the first time on appeal. *State v. Neitge*, 2000 SD 37, ¶ 9, 607 N.W.2d 258, 260.

2. " 'We will uphold the judgment of the trial court if it is right for any reason.' " *Ryyth*, 2001 SD 50 at ¶ 11, —— N.W.2d at ——, 2001 WL 392660 (quoting *In re C.W.*, 1997 SD 57, ¶ 14, 562 N.W.2d 903, 906).

SABERS, Justice (concurring in result).

[¶ 13.] I concur with the majority opinion that Olson–Lame is required to pay these costs of extradition to Pennington County. The reason for this is simple, she consented and agreed to pay these costs as part of her plea bargain agreement with the State. The majority opinion needlessly and erroneously proceeds to hold that these costs are recoverable nonetheless as costs of prosecution under SDCL 23A–27–26, and improperly bases the same on State v. Ryyth.

[¶ 14.] No matter how many cases from foreign jurisdictions State v. Ryyth parades as authority, it cannot justify its errant interpretation of a clear statute enacted by the South Dakota Legislature. SDCL 23A–27–36 is a statute of exclusion. It states in relevant part "the costs shall not include items of governmental expense such as juror's fees, bailiff's fees, salaries and expenses of special agents, and reporter's per diem." (emphasis added). The statement that these costs shall not include governmental expense followed by a list prefaced by "such as" is clearly demonstrative of prohibited costs, not included costs. The majority opinion instead erroneously views that list as all-inclusive. Extradition costs are clearly "salaries and expenses of special agents." Whatever happened to plain meaning?

[¶ 15.] What is the real difference between the specifically excluded items and costs of extradition? None. I submit this question has not been answered by the majority opinion, and if the only authority for the majority opinion's holding is State v. Ryyth, it seems it never will. Interestingly, if it were not for the new found rationale incorrectly based on State v. Ryyth, all of the majority opinion's citations to the cases decided under the restitution statute are contrary to its holding here. Perhaps this is notice to the South Dakota Legislature that plain meaning does not mean plain meaning any more.

[¶ 16.] For the reasons stated herein and my dissent in State v. Ryyth, I concur in result only based on Olson–Lame's agreement and consent to pay these costs.